# UNITED STATES DISTICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KIMBERLY KATORA BROWN | ) | |
| 809 CENTRAL HILLS LANE | ) | |
| LANDOVER, MD 20785 | ) | |
| | ) | |
| | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE | ) | |
| DISTRICT OF COLUMBIA | ) | |
| | ) | |
| SERVE: | ) | |
| Vincent Gray, Mayor | ) | |
| 1350 Pennsylvania Avenue NW | ) | |
| Suite 316 | ) | |
| Washington, D.C. 20004 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT FOR INDIVIDUAL MONEY DAMAGES AND DECLARATORY RELIEF
## WITH JURY DEMAND

## INTRODUCTION

1. This is an action brought by Kimberly KaTora Brown against the District of Columbia under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to

enforce her rights under the Fifth Amendment, because she was injured by the policy and practice of the Government of the District of Columbia (hereinafter the "District of Columbia" or the "District") and the Metropolitan Police Department ("MPD") in implementing the District's civil forfeiture statute in violation of her Fifth Amendment due process rights.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the § 1983 claims under 28 U.S.C. §1331 and 28 U.S.C. §1343(3)-(4).

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C §1391(b) because the events or omissions underlying the claims occurred in this judicial district.

## PARTIES

4. Plaintiff Ms. Brown is a hard working young woman whose 1995 Chevrolet Camaro was illegally seized by the MPD on 4/25/2010 through no fault of her own.

5. Defendant the District Government of the District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102.

## FACTUAL ALLEGATIONS

The District's civil forfeiture scheme

6. The District of Columbia has a civil forfeiture scheme for seizing and forfeiting property which the District believes was used in facilitation of a crime. For example, the MPD uses the civil forfeiture scheme to make warrantless seizures and forfeitures of vehicles from people when the MPD contend the people are using the vehicles to transport drugs, regardless of the amount of the drugs, even if the drugs are simply marijuana for personal use.

7. The District's civil forfeiture scheme has a certain built–in unfairness to citizens because the District and the MPD have financial incentives to seize property and the District has delegated the authority to make <u>ex parte</u> determinations about whether seizures are legal to an MPD property clerk whose determinations in favor of the District financially benefit his department and the District.

8. Moreover, the scheme does not provide an easy, quick way for people to challenge the District's seizures. Under the scheme, a person has to pay a "penal sum" if they wish to challenge a seizure, and then wait a year for the District to start a forfeiture lawsuit, and then wait about another year for the forfeiture lawsuit to work its way through court. The District gets the keep the car the whole time which deprives the owner of the use of the car pending the outcome of the forfeiture lawsuit.

9. The District's forfeiture scheme does not provide for a prompt, post-

deprivation hearing in which property owners can challenge the District's seizure of their vehicles and the District's continued retention of the vehicle pending a determination on the merits of any forfeiture action, nor does the District provide such hearings informally.

## EVENTS

10. As of 4/25/2010 Ms. Brown, a resident of Maryland, was the owner of a 1995 Chevrolet Camaro which was titled and registered in Ms. Brown's name in Maryland, and which had legal tags on the front and the back of the car as required by Maryland law. The windows were tinted but were in compliance with Maryland law and District of Columbia law.

11. In the morning of 4/25/2010 Ms. Brown lent her Camaro to a friend, Darrell C. Hammond, so he could pick up his son and run some errands.

12. Ms. Brown had no reason to know Mr. Hammond would use the car for an illegal purpose nor did she consent to his use of the car for any illegal purpose.

13. Ms. Brown had no reason to know or suspect that Mr. Hammond would use of the car to transport marijuana or for any other illegal purpose.

14. Later in the afternoon on 4/25/2010 the MPD stopped the Camaro in the 1300 block of Florida Ave., N.E., because, they claim, the tinted windows violated

District of Columbia law and the Camaro did not have a front tag.

15.   This Court has found that, "Policemen looking for excuses to stop vehicles they consider suspicious have found the District of Columbia's tinted windshield law to be a useful device," and that most of such stops are concentrated in the area where the MPD stopped Ms. Brown's Camaro, and that "[t]he tint window law is as close to a purely pretextual reason for stopping vehicles as can be found in the real world of everyday police work." United States v. Green, 437 F. Supp. 2d 38, 40-41 (D.D.C. 2006).

16.   Based on a Complaint for Libel of Information filed by the District ("Libel of Information"), Mr. Hammond was driving and he had a passenger with him in the car when the MPD stopped the Camaro.

17.   Based on the Libel of Information the police discovered (1) some money on Mr. Hammond and some more on the passenger; and (2) some ziplock bags of marijuana in a bag in the car.

18.   The MPD arrested Mr. Hammond and the passenger and seized the car and the money for forfeiture.

19.   Within a few days of the seizure Ms. Brown went to the MPD police station on Florida Avenue (the station where Mr. Hammond was booked and the station closest

to where the car was seized) and told officers there that the Camaro was her car and that she had lent it to Mr. Hammond and that she had not known or consented to any illegal use of the Camaro.

20. Ms. Brown paid $250 to prevent administrative forfeiture of the Camaro a few months after it was seized.

21. On 2/11/2011, almost a year after the seizure, the District filed a Libel of Information in Superior Court.

22. The Libel of Information alleged that Mr. Hammond was driving the car but that Ms. Brown was the owner.

23. The Libel of Information did not allege that Ms. Brown had known or consented to any illegal use of the Camaro by Mr. Hammond or anyone else.

24. On 6/4/2011 Ms. Brown filed an answer in the forfeiture proceeding stating that the Camaro was her car and that she had lent it to Mr. Hammond and that she had not known or consented to any illegal use of the Camaro.

25. This was her first opportunity to contest the District's seizure and retention of the Camaro and to present her defense that the District's seizure and retention of the Camaro was illegal because she was an innocent owner under D.C. Code § 48-

905.02(a)(4)(B).

26.     Ms. Brown told counsel for the District about the same time that the Camaro was her car and that she had lent it to Mr. Hammond and that she had not known or consented to any illegal use of the Camaro.

27.     Ms. Brown attended at least one hearing in the forfeiture proceeding.

28.     Thereafter Ms. Brown could not make further appearances in the forfeiture proceedings because she was overwhelmed by the legal proceedings, she had already spent $250 on a non-refundable penal bond to prevent administrative forfeiture of the Camaro, and she had missed time from work, and she could not afford to miss any more time from work.

29.     The result was the District got a default judgment in the forfeiture proceedings.

## CLAIM ONE

## FIFTH AMENDMENT PROCEDURAL DUE PROCESS CLAIM

30.     Ms. Brown re-alleges the preceding paragraphs as though fully stated herein.

31.  Pursuant to the District's civil forfeiture statute the MPD made an <u>ex parte</u> internal agency determination of probable cause to seize and retain during the pendency of forfeiture proceedings Ms. Brown's Camaro with knowledge that Ms. Brown was the owner and with knowledge that Ms. Brown had not known about or consented to any illegal use of the Camaro by Mr. Hammond or anyone else and an <u>ex parte</u> determination that Ms. Brown would have to pay $250 to prevent administrative forfeiture of the Camaro, even though the MPD and the District have a financial incentive in the seizure and forfeiture of the car.

32.  The <u>ex parte</u> hearing did not allow Ms. Brown to put on evidence of affirmative defenses or to explain that she was the owner of the Camaro but that Ms. Brown had not known about or consented to any illegal use of the Camaro by Mr. Hammond or anyone else.

33.  The District did not provide Ms. Brown with a prompt post seizure hearing before a neutral arbiter at which Ms. Brown could challenge the District's seizure and continued retention of her Camaro during the pendency of the forfeiture proceedings nor did the District provide Ms. Brown notice that the due process clause entitled her to such a hearing.

34.  In fact the District's forfeiture statute does not provide for such a hearing or

notice of such a hearing nor does the District provide adequate notice and such hearings informally.

35. The District's seizing people's cars under its forfeiture statute without providing prompt post seizure hearings at which people can challenge the District's seizure and continued retention of their vehicles during the pendency of the forfeiture proceedings violates procedural due process under the Fifth Amendment to the United States Constitution.

36. The District did not provide Ms. Brown with any opportunity to challenge the District's seizure and continued retention of her Camaro during the pendency of the forfeiture proceedings until about a year after the seizure ( which occurred 4/25/2010) when it mailed notice of a Complaint for Libel of Information to Ms. Brown on 4/4/2011.

37. Had the District provided a prompt post seizure hearing before a neutral arbitrator at which Ms. Brown could have explained that she was the owner of the Camaro and that Ms. Brown had not known about or consented to any illegal use of the Camaro by Mr. Hammond or anyone else, Ms. Brown could have obtained the return of her Camaro pursuant to D.C. Code § 48-905.02(a)(4)(B).

38. Alternatively, had the District provided a prompt post seizure hearing

Page 9 of 12
COMPLAINT • BROWN V. GOVERNMENT OF THE DISTRICT OF COLUMBIA

before a neutral arbitrator Ms. Brown could have obtained the possession and use of the Camaro during the pendency of the forfeiture proceedings.

39. The District's failure to provide Ms. Brown notice and a prompt post seizure hearing was the moving force of the injuries to her procedural due process rights and caused her damages as described below.

## RELIEF DEMANDS

Ms. Brown respectfully requests that this Court grant the following relief:

**A.** Declare the District's implementation of its forfeiture statute unconstitutional because the District does not provide prompt post seizure hearings to persons whose cars the District seizes and retains for forfeiture under D.C. Code § 48-905.02.

**B.** Award Ms. Brown damages including the amounts the value of the loss of the use of the car and the loss of the car and upkeep of the car during seizure, and other damages including prejudgment interest, and compensatory damages for any injury attributable to loss of the property's use and compensation for the value of their time devoted to its retrieval and other damages, and attorney fees; as well as equitable and declaratory relief.

**C.** Grant a jury trial on all claims so triable.

**D.** Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

**E.** Grant such other relief as this Court deems just and proper.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Ms. Brown<br><br>2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC  20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | /s/ Lynn E. Cunningham<br>Lynn E. Cunningham, Esq.<br>D.C. Bar # 221598<br><br>Counsel for Ms. Brown<br><br>P.O. Box 1547<br>Dubois, WY  82513<br>307-455-3374  (landline)<br>307-431-4158 (cell)<br>Admitted in New York, Washington, D.C. and Wyoming. |

## JURY DEMAND

Plaintiff demands a jury of six as to all claims so triable.


/s/William Claiborne_
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff