UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al. <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA <br><br> Defendant | Civil Action No: 13-569 (KBJ) |

# NOTICE OF

# PLAINTIFFS' OBJECTION TO DEFENDANT'S RELATED CASE NOTICES

The District of Columbia filed a related case notice in the case of <u>Krystle Brown v. the District of Columbia, et al.</u>, 13-00686 (ESH) stating that this case, <u>Kimberly KaTora Brown v. the Government of the District of Columbia</u>, 13-0569 (KBJ), is related to the <u>Krystle Brown</u> case.  The District also filed a related case notice in this case stating that this case is related to <u>Krystle Brown v. the District of Columbia, et al.</u>, 13-00686 (ESH) and <u>Hardy v. District of Columbia</u>, 09-1062 (RLW).  [10]

Plaintiffs hereby object[1] to any purported related case designation pursuant to LCvR 40.5(c)(3) with either the Krystle Brown case or Hardy v. District of Columbia because plaintiffs do not believe these cases are "related" cases under LCvR 40.5(a)(3).

Plaintiffs plan to file a second amended complaint within two weeks (to which the District has consented in writing) pursuant to Fed. R. Civ. P. 15(a)(2).  However, the second amended complaint will not affect the related case issue because the purpose of the amendment is solely to clarify the claims and class definitions.  The second amended complaint will not add claims or change the scope of the claims as set forth in the first amended complaint.

That said, plaintiffs are happy to have any of the judges in either of the Brown cases or in Hardy v. District of Columbia, 09-1062 (RLW) preside over this case. Moreover, Plaintiffs believe that consolidation of one or more of these cases on one or more issues of law under Fed. R. Civ. P. 42(a)(1)(consolidation of cases or issues involving a common question of law **or** fact) may make sense and plaintiffs have broached this idea to counsel for the District in both Brown cases.  The District has informed this Court that it will move to consolidate the two Brown cases.  District's motion to stay [11].

---

[1] The Kimberly KaTora Brown plaintiffs believe this objection should be filed in this case because where, as here, a party objects to a designation that cases are related the matter shall be determined by the judge to whom the case is assigned, that is, this Court. LCvR 40.5(c)(3).

For example, the Krystle Brown case dealt solely with injunctive relief for a class of persons whose cars were seized by the District for forfeiture and who did not receive prompt post seizure hearings at which they could challenge the District's seizure and continued retention of the cars pending forfeiture determinations.  That case is stayed pending action by the City Council.  In contrast, plaintiffs in this case seek (in addition to relief for their other claims) money damages and specified declaratory relief for events that have already happened for a broader class of persons, that is, persons whose vehicles, money and other property were seized and placed in the custody of the Property Clerk and who did not receive prompt post seizure hearings at which they could challenge the District's seizure and continued retention of the property whether for forfeiture determinations, or investigative or evidentiary holds.  The issue of prospective injunctive relief persons whose cars were seized by the District for forfeiture and who did not receive prompt post seizure hearings at which they could challenge the District's seizure and continued retention of the cars pending forfeiture determinations is just a small slice of the case.

Plaintiffs do not plead specific prospective injunctive relief for that group but plaintiffs in this case do have a general claim for such injunctive relief as the Court may deem proper.  So, for example, plaintiffs would not object to consolidation of the claims for injunctive relief for their claims three and four (District's failure to provide prompt post seizure hearing) with the claim for prospective injunctive relief in the Krystle Brown case.  But, any stay in the Krystle Brown case of claims for prospective injunctive relief

should not apply to any of plaintiffs' claims for money damages and declarative relief in this case.

Similarly, a motion to consolidate this case or both <u>Brown</u> cases with <u>Hardy v. District of Columbia</u> on certain issues of law may make sense. But, this case and <u>Hardy v. District of Columbia</u> are not related cases under LCvR 40.5(a)(3) because the only overlapping claim in this case and the <u>Hardy</u> case – the notice of intent to forfeit claim, claim nine in this case, - does not involve a common issue of fact because the District changed its notice practices on or about October 29, 2009, as explained below.

## I.   THE DISTRICT'S RELATED CASE NOTICES

### 1. The District's related case notice in the <u>Krystle Brown</u> case

The <u>Krystle Brown</u> case is a putative class action filed 05/13/2013 and assigned to Judge Huvelle. The case sought solely injunctive relief because the District seizes cars and holds them pending forfeiture proceedings without giving claimants a prompt post seizure hearing in which to challenge the District's seizure and continued retention of the cars pending forfeiture determinations, and the District conditions access to a judicial forfeiture proceeding on a penal bond set by the MPD Property Clerk. Class action complaint in Case No. 13-00686 (ESH).

The District's notice, Document # 23 in the <u>Krystle Brown</u> case, states that the two <u>Brown</u> cases are related because (1) both cases are putative class actions, and (2) the cases have two overlapping claims because both have a claim alleging that the District

has violated vehicle owners' due process rights by (a) not having a preliminary hearing to challenge the District's retention of a vehicle seized for forfeiture and (b) requiring bond (or waiver of the bond requirement) to challenge the District's retention of such a vehicle, and so (3) the cases involve common issues of fact.

Generally speaking, the "related case rule" authorizes the assignment of a new or "later-numbered" case to the judge to whom the oldest or "earliest" related case is already assigned. See LCvR[2] 40.5(a)(5) and LCvR 40.5(c)(2).  On the one hand, as between the two Brown cases, the Krystle Brown case is "the later-numbered case," and the Kimberly KaTora Brown case is the older or earlier case.  But, the issue of related cases arguably did not arise until 7/24/2013 when the Kimberly KaTora Brown plaintiffs filed their first amended complaint [7] adding class action allegations.

### 2. The Kimberly KaTora Brown case

Kimberly KaTora Brown's First Amended Complaint [7] basically states nine[3] class claims on behalf of persons from whom the District seized property (including money as well as cars).  Plaintiffs were injured because the District either (1) held the

---

[2] The local rules provide in pertinent part that "Where the existence of related cases in this court is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case."  LCvR 40.5(c)(2).

[3] There are sixteen enumerated claims because plaintiffs pled seven of the claims twice, once based on the Fourth Amendment, and once on the Fifth Amendment.

property for long periods of time (or never gave it back) without giving them prompt post seizure hearings at which they could challenge the government's seizure and continued retention of their property, (2) forfeited the property using unconstitutional forfeiture procedures, or (3) or never returned the property even though it was no longer needed for investigation or evidence or the District had determined that the property was not subject to forfeiture.

Basically, as explained below, two of the claims in Kimberly KaTora Brown partially overlap the claim in Krystle Brown but whereas this case applies to seizures of money and cars whether the property was seized for forfeiture determinations or investigative or evidentiary holds, the Krystle Brown case applies only to seizures of cars and then only for forfeiture determinations.

Also, as explained below, one of the notice claims in Kimberly KaTora Brown partially overlaps the notice claim in Hardy v. District of Columbia, 09-1062 (RLW) which challenged the notice procedures the District uses in administrative forfeitures of money. But, as explained below, there is no common issue of fact between Kimberly KaTora Brown and the Hardy case because the class certified in Hardy ends on October 29, 2009 because on or about that date the District changed the notice practices on which the Hardy notice claims are based.

II.   **CHRONOLOGY OF THE TWO BROWN CASES AND HARDY V. D.C. AND SUMMARY OF CLAIMS**

**October 28, 2009** (August 22, 2012).  In Hardy v. District of Columbia Judge Wilkins in an opinion docketed on August 22, 2012 certified two classes[4] composed of persons to whom the District mailed forfeiture notices on or before October 28, 2009.  The Hardy class period **ended** on October 28, 2009 because the District made significant changes to its notice procedures at that time.  Prior to October 29, 2009 the District generally neither checked to see if a notice recipient was incarcerated (and so was unlikely to receive mailed notice) nor took any steps to follow up on undelivered notices.  Hardy v. D.C., 283 F.R.D. 20, 27 (D.D.C. 2012)(granting plaintiffs' third motion to certify).  Beginning on about October 29, 2009 the District's witness testified that as a general rule the District began taking steps to follow up on undelivered notices and re-send them to a better address including checking to see if an intended notice recipient were incarcerated in the DOC.  Id. at 23-24.  Judge Wilkins indicated that the changes in the District's notice practices beginning on about October 29, 2009 destroyed ascertainability, Id. at 25-26, and predominance, Id. at 27, after that point.  See Memorandum opinion denying Hardy plaintiffs' second motion to certify classes, Document # 31 in Case No. 9-1062 (RLW).

**04/25/13**.  Kimberly KaTora Brown filed a single plaintiff complaint on 04/25/13 seeking money damages and other relief because the District seized her car and forfeited it using

---

[4] Class one consisted of persons to whom the District mailed notice but the District did not receive back a signed mail receipt, and the District did not re-send notice; and class two consisted of persons who were incarcerated in the District of Columbia Department of Corrections but the District did not send notice to the plaintiff's place of incarceration. Hardy v. D.C., 283 F.R.D. at 23.

unconstitutional procedures including but not limited to a claim that the District violated her due process rights by not giving her a prompt post seizure hearing to challenge the MPD's seizure and continued retention of her car pending the outcome of the forfeiture proceeding.  [1] <u>Kimberly KaTora Brown v. The Government of the District of Columbia</u>, 13-569 (KBJ).

**05/13/2013**.  Krystle Brown filed her class action complaint for injunctive relief only challenging the District's failure to provide prompt post seizure hearings to persons whose cars (but not money) had been seized by the MPD for forfeiture determinations. [1] <u>Krystle Brown v. the District of Columbia, et al.</u>, 13-00686 (ESH).

**7/24/2013**.  Ms. Kimberly KaTora Brown, joined by several other named plaintiffs, filed a first amended complaint ("FAC") [7] adding class allegations and several claims relating to the District's seizure of vehicles, money, and other property for forfeiture determinations or investigative or evidentiary holds.  The FAC stated nine separate claims based on deficiencies in notice (either failure to give notice or defects in the notice), failure to provide prompt post seizure hearings, and providing unconstitutional forfeiture procedures.

**8/16/2013**.  Judge Huvelle entered an order in <u>Krystle Brown</u> granting the parties' motion for an indefinite stay and directing the Clerk to administratively close the case pending further order of the Court.  Document # 22 in <u>Krystle Brown</u> case.

**08/26/2013**.  The District filed a notice of related cases in this case [10] and in the Krystle Brown case stating that the Kimberly KaTora Brown case was related to the Krystle Brown case.

## III.   KIMBERLY KATORA BROWN'S CLAIMS IN HER FIRST AMENDED COMPLAINT

1. **Kimberly KaTora Brown's claims**

Kimberly KaTora Brown's First Amended Complaint states the following nine claims.  There are sixteen enumerated claims in the FAC because plaintiffs plead seven of the claims twice, once based on the Fourth Amendment and once on the Fifth Amendment.

**Claims 1 and 2**.  The District does not give at the time of seizure any notice (regarding, for example, reason for seizure, inventory of items seized with contact information, and instructions on how to retrieve one's property) to persons from whom property is seized and delivered to the Property Clerk even though the District knew at least as early as 2009 that more than 70% of notices of forfeiture sent by registered mail come back undelivered.

**Claims 3 and 4**.  The District does not provide prompt post seizure hearings at which the owner of property can challenge the seizure and continued retention of their property (including money as well as cars).

**Claims 5 and 6**.  The District fails to send notice to owners whose property was seized for forfeiture determinations or investigative or evidentiary holds when the District no longer needs the property or has determined that the property is not subject to forfeiture.

**Claims 7 and 8**.  The District fails to send notice to persons informing them that their property is no longer needed by the District, e.g. because it is no longer needed for forfeiture or investigative or evidentiary holds.

**Claim 9**.  The District fails to provide notice meeting "Mullane standards" to persons whose property is subject to forfeiture.

**Claims 10 and 11**.  The notice of intent to forfeit which the District mails does not inform persons that pursuant to an unpublished custom the Property Clerk gives some but not all owners an opportunity to establish their status as innocent owners or present evidence in support of defenses by submitting a written or oral statement after notice is mailed.

**Claims 12 and 13**.  The District does not "promptly" give owners whose property has been seized for forfeiture determinations an administrative forfeiture hearing that comports with Mathews v. Eldridge, 424 U.S. 319 (1976).  D.C. Code § 48-905.02(d)(3)(A) requires the Mayor to determine whether probable cause supports the seizure of property and then to give persons whose property was seized notice[5] and an

---

[5] The "…Mayor shall provide written notice of the seizure together with information on the applicable procedures for claiming the property…" D.C. Code § 48-905.02(d)(3)(A).

election between a judicial forfeiture proceeding (upon payment of a penal bond and submission of a claim) D.C. Code § 48-905.02(d)(3)(B),  and a "prompt" (D.C. Code § 48-905.02(c)) administrative forfeiture proceeding conducted by the Mayor ("Mayor's forfeiture determination") without the need to post a penal bond and make a written claim, D.C. Code § 48-905.02(d)(3)(C).  The Property Clerk in practice sends notice **after** the probable cause determination and **after** the Mayor's forfeiture determination and the Mayor's forfeiture determination does not satisfy Mathews because it is conducted ex parte by the Property Clerk or other elements of the MPD (and the MPD receives 100% of the value of property forfeited in the Mayor's forfeiture determinations) and claimants do not get prior notice and an opportunity to present evidence of their innocent owner status and defenses or otherwise "claim[6]" their property.  See Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002); Smith v. City of Chicago, 524 F.3d 834 (7th Cir. 2008) (vacated as moot by Alvarez v. Smith, 558 U.S. 87 (2009)); Simms v. District of Columbia, 872 F. Supp. 2d 90, 95 (D.D.C. 2012).  In fact, the Property Clerk's current practice is to tell claimants inquiring after their property to hold all inquiries until after the Property Clerk sends notice of intent to forfeit.

**Claim 14**.  Making claimants pay a penal bond set by the MPD (which receives 100% of the value of property forfeited by the Property Clerk in the Mayor's forfeiture determinations conducted by the Property Clerk or other elements of the MPD) to obtain

---

[6] D.C. Code § 48-905.02(d)(3)(C) also provides that "If the Mayor determines that the seized property is not forfeitable under this chapter and is not otherwise subject to forfeiture, the Mayor shall return the property to its rightful owner."

access to a judicial forfeiture proceeding violates the Fifth Amendment equal protection clause.  D.C. Code § 48-905.02(d)(3)(A) (proceeds or forfeiture remaining after expenses shall be used, and shall remain available until expended regardless of the expiration of the fiscal year in which they were collected, to finance law enforcement activities of the Metropolitan Police Department of the District of Columbia).

**Claims 15 and 16**.  The aggregate effect of forfeiture proceedings as implemented by the MPD violates the Fifth and Fourth Amendments.  United States v. Twelve Thousand, Three Hundred Ninety Dollars, 956 F.2d 801, 807 (8th Cir. Mo. 1992)(Beam J, dissenting)(statute that permits owner of non-contraband property to be divested of title on mere showing of probable cause for the institution of a forfeiture suit does not provide the minimum process due); See generally Mary M. Cheh, Can Something This Easy, Quick, and Profitable Also Be Fair?: Runaway Civil Forfeiture Stumbles on the Constitution, 39 N.Y.L. Sch. L. Rev. 1 (1994).

2. **Kimberly KaTora Brown's First Amended Complaint is not related to Hardy v. D.C. because there is no common issue of fact.**

Kimberly KaTora Brown's First Amended Complaint is not related to Hardy v. D.C. because there is no common issue of fact on any of the notice claims.  The Hardy plaintiffs' notice claim is a due process claim based on a failure of notice prior to the final act of administrative forfeiture.  See Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314 (1950).  Moreover, Judge Wilkins expressly limited the class period of the

notice claims to October 29, 2009 because of a change in the notice practices of the MPD which the MPD implemented about that time.  The class period in this case for those notice claims begins after that date and is predicated on a different notice practice.  Therefore, some of the <u>Kim Brown</u> notice claims overlap with the single <u>Hardy</u> notice claim but there is no common issue of fact relating the cases because the MPD's notice practices changed at the end of the <u>Hardy</u> class and before the beginning of the class period in this case.  So, at most, what is left is a partial overlap of some of the <u>Kimberly Brown</u> notice *claims* with one of the <u>Hardy</u> notice claims.  An overlap of claims without a common issue of fact does not make cases "related."  <u>Sculimbrene v. Reno</u>, 2000 U.S. Dist. LEXIS 10503, 3 (D.D.C. Jan. 24, 2000).  Otherwise every civil forfeiture case filed in this courthouse would be related to the first civil forfeiture case ever filed in this courthouse.

**3.   Kimberly KaTora Brown's First Amended Complaint is not related to <u>Krystle Brown v. District of Columbia, et al.</u> because there is no common issue of fact.**

Kimberly KaTora Brown's First Amended Complaint is not related to <u>Krystle Brown v. District of Columbia, et al.</u> merely because one of the claims in Kimberly KaTora Brown's First Amended Complaint partially "overlaps" with the only claim in Krystle Brown.  <u>Sculimbrene</u>, 2000 U.S. Dist. LEXIS 10503, 3.

Page 13

The District had a practice of seizing property without providing prompt post seizure hearings. Ms. Krystle Brown challenged the lack of such hearings with respect to cars seized for forfeiture determinations but not with respect to other property such as money and not with respect to seizures of cars and money for investigative and evidentiary holds. The parties then moved the Court for a stay of all proceedings without asking the Court to rule on any of the claims and without asking the Court to enter any relief. [21] The Krystle Brown case is now administratively closed. [22]

Kimberly KaTora Brown's First Amended Complaint has a prayer for general injunctive relief and a prayer for a declaratory judgment declaring the District's implementation of its forfeiture statute unconstitutional because the District does not provide prompt post seizure hearings at which owners could challenge the validity of the seizure and retention of their money and cars. But, Kimberly KaTora Brown's First Amended Complaint does not have a specific claim for injunctive relief requiring the District to implement prompt post seizure hearings for any type of property.

Therefore, Kimberly KaTora Brown's First Amended Complaint is not related to the Kystle Brown case.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579 | /s/ Lynn E. Cunningham<br>Lynn E. Cunningham, Esq.<br>D.C. Bar # 221598 |

| | |
|---|---|
| Counsel for Ms. Brown<br><br>2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC  20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | Counsel for Ms. Brown<br><br>P.O. Box 1547<br>Dubois, WY  82513<br>307-455-3374  (landline)<br>307-431-4158 (cell)<br>Admitted in New York, Washington, D.C. and Wyoming. |