# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant | Civil Action No: 13-569 (KBJ) |

### CONSENT MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF AND DECLARATORY RELIEF WITH JURY DEMAND

Plaintiffs Kimberly Brown, Ishebekka Beckford, Nickoya Hoyte, Kelly Hughes, Takia Jenkins, Steven May, Romona Person, Dorian Urquhart, Shanita Washington, Teneisha Williams, Jarrett Acey, Julius Gordon, Marilyn Langly, David Littlepage and Terrence Thomas, Shane Lucas, Stephanie McRae respectfully move[1] this Court for leave to amend their First Amended Complaint [Document # 7] and to file their Second Amended Complaint (attached hereto).

## I.  PROCEDURL POSTURE

---

[1] The ECF Help desk instructed undersigned counsel to file this as a motion rather than filing proof of written consent followed by the Second Amended Complaint.

1

Plaintiffs filed their first amended complaint (by right) on 7/24/2013 [Document # 7]. The case is stayed until October 1, 2013. Minute Order docketed 8/27/2013. This case has not yet entered the litigation stage. In fact, still pending are defendant's related case notices and plaintiffs' objections thereto.

## II.   CONSENT SOUGHT AND OBTAINED

Plaintiffs asked the District to consent to this motion and the District consented in writing on the condition that the amended complaint not add claims or expand the scope of the litigation and it was not plaintiffs' intent to do either in their Second Amended Complaint. District's Motion to Stay [Document # 11] p. 2.

## III.  STATEMENT OF FACTS

Plaintiffs' primary purpose in amending the complaint at this stage is to clarify the factual basis of their claims, and restate the claims and the class definitions. Overall plaintiffs' purpose is to make their claims and proposed classes easier to understand without adding claims or expanding the scope of the litigation. As the D.C. Circuit has noted, "leave to amend is ordinarily in order" when a plaintiff wishes to amend to clarify an imperfectly stated but valid claim. Alley v. Resolution Trust Corp., 984 F.2d 1201, 1207 (D.C. Cir. 1993).

Plaintiffs' second purpose is adding the following named plaintiffs: Muslimah Taylor, Thomas Dutka and Ann Melton, Chiquata Steele, and Gregory Stewart. Adding these plaintiffs does not add claims or expand the scope of the litigation.

## IV. JUSTICE REQUIRES GRANTING LEAVE TO AMEND THE COMPLAINT

Under Rule 15, plaintiffs may amend their pleading a second time anytime before trial with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The text of the rule itself provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Unless there is a specific, significant reason to deny amendment, it should be granted:

> The Supreme Court has indicated the circumstances in which a court should deny leave to amend:
>
> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

None of these reasons is present because plaintiffs merely wish to restate their facts, claims, and class allegations prior to commencement of litigation in this case. Alley v. Resolution Trust, 984 F.2d at 1207.

First, the District consents.

Second, the amendments would not unduly prejudice the District, by for example, requiring the District to engage in additional discovery.  See Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996) (finding that a court should give weight to "whether amendment of a complaint would require additional discovery").

Third, there is no "undue delay." Foman, 371 U.S. at 182.  The case is stayed.

Fourth, there is no "bad faith, or dilatory motive on the part of movant." Foman, 371 U.S. at 182.

Fifth, there is no "repeated failure to cure deficiencies by amendments previously allowed." Id. at 182.

Fifth, the amendment is not futile. The amendment assists the Court and opposing counsel in understanding plaintiffs' claims.

## V. CONCLUSION.

For the reasons stated above, the motion should be granted.

| | |
|---|---|
| Respectfully submitted,<br><br>/sig/ William Claiborne<br>William Claiborne<br>DC Bar # 446579<br>Counsel for Plaintiffs<br>2020 Pennsylvania Ave, NW<br>Suite 395<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email: clairbornelaw@gmail.com | |