## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KIM KATORA BROWN,** *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| **v.** | ) |
| | ) |
| **GOVERNMENT OF THE** | )     **Civil Action No. 13-00569 (CRC)** |
| **DISTRICT OF COLUMBIA,** | ) |
| | ) |
| *Defendant*. | ) |
| _____ | ) |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER AND
### DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant District of Columbia (Defendant or the District), responds to Plaintiffs'

Second Amended Complaint as follows:

### DEFENSES

Defendant asserts and preserves the following defenses and reserves the right to assert

additional defenses.

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant, at all relevant times, acted consistently with applicable laws, rules,

regulations, and constitutional provisions.

### THIRD DEFENSE

The doctrines of waiver, estoppel, unclean hands and laches equitably bar Plaintiffs from

seeking some or all of the relief sought by the Second Amended Complaint.

## FOURTH DEFENSE

Plaintiffs' currency claims are precluded by settlement or release, including the

Stipulation and Agreement of Settlement in *Anthony Hardy, et al. v. District of Columbia* (Civil

Action No. 09-cv-01062 (RLW)).

## FIFTH DEFENSE

Plaintiffs' claims are barred by their failure to add an indispensable party.

## SIXTH DEFENSE

Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant responds to each paragraph of the Second Amended Complaint as follows:

1.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

2.    Defendant admits that Plaintiffs, other than former Plaintiff Littlepage, are persons whose property was seized by law enforcement in the District of Columbia and put into the custody of the MPD Property Clerk. As to former Plaintiff Littlepage, Defendant denies the allegations in this paragraph.

3.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

4.    This paragraph characterizes the nature of this action and states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

5.      This paragraph characterizes the nature of this action and states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

## JURISDICTION AND VENUE

6.      Defendant denies the allegations, but admits that Plaintiffs purport to invoke the Court's jurisdiction as stated.

7.      Defendant denies the allegations, but admits that Plaintiffs purport to invoke the Court's jurisdiction as stated.

## PARTIES

8.      This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

9.      Defendant denies that Shanita Washington and Tanisha Williams are parties to this action, based upon the Court's July 21, 2015 Order. The remainder of this paragraph simply identifies alleged "Car Named" Plaintiffs, and no answer is required. To the extent an answer is required, the allegations are denied.

10.      Defendant denies that David Littlepage is a party to this action, based upon the Court's July 21, 2015 Order. Further, as a result of their Notice of Dismissal, filed on August 24, 2015, Defendant denies that Stephanie McRae, Thomas Dutka, and Ann Melton are parties to this action. The remainder of this paragraph simply identifies alleged "Currency Named" Plaintiffs, and no answer is required. To the extent an answer is required, the allegations are denied.

11. Defendant admits that Takia Jenkins's unregistered vehicle was held for safekeeping after her arrest for driving an unregistered vehicle on or about February 22, 2012. Defendant further admits that Muslimah Taylor's vehicle was recovered and held as evidence in connection with an assault with a dangerous weapon case that occurred in the District on or about June 3, 2013.

12. This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

## DEFINITIONS

13. This paragraph purports to define the term "owner" as used in the Second Amended Complaint and thus states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

14. This paragraph purports to define the term "claimant" as used in the Second Amended Complaint and thus states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

15. This paragraph purports to define the term "trustee" as used in the Second Amended Complaint and thus states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

16. This paragraph purports to define the term "*Simms* Hearing" as used in the Second Amended Complaint and thus states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

17.  This paragraph purports to define the term "property clerk" as used in the Second Amended Complaint and thus states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

18.  This paragraph purports to define the term "asset forfeiture unit" as used in the Second Amended Complaint and thus states a legal conclusion to which no answer is required. To the extent an answer is required, the allegations are denied.

## FACTUAL ALLEGATIONS

### Introduction

19.  This paragraph is denied to the extent Plaintiffs attempt to characterize the District's civil forfeiture law which is governed currently by the Civil Forfeiture Amendment Act of 2014, 62 D.C. Reg. 1,920 (Feb. 13, 2015). Defendant avers that the seizures and forfeitures at issue in this case are governed by former D.C. Code § 48-905.02 (2012). Defendant denies all other allegations.

20.  In response to the first part of this paragraph, Defendant admits that under the District's civil forfeiture law, MPD may seize property "for more than one reason" and denies any implication that such procedure is unlawful. The remainder of the allegation consists of a hypothetical to which no answer is required. To the extent an answer is required, the allegation is denied.

21.  Defendant denies that MPD implements the "District's civil forfeiture scheme and other laws" without regard to owners' rights. In addition, Defendant states that the District's actions are consistent with the District's civil forfeiture law. To the extent the remainder of the allegation seeks to imply that the District's actions are unlawful or inconsistent with other laws, the allegation is denied.

## THE DISTRICT'S CIVIL FORFEITURE PROGRAM

## MPD SEIZE [sic] PROPERTY FOR FORFEITURE DETERMINATIONS

22.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

23.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

24.      This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

25.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

26.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

27.      This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

28.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

29.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and,

        accordingly, does not require a response. To the extent that a response is required, the

        allegations are denied.

30.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and,

        accordingly, does not require a response. To the extent that a response is required, the

        allegations are denied.

31.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and,

        accordingly, does not require a response. To the extent that a response is required, the

        allegations are denied.

32.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and,

        accordingly, does not require a response. To the extent that a response is required, the

        allegations are denied.

33.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and,

        accordingly, does not require a response. To the extent that a response is required, the

        allegations are denied.

34.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and,

        accordingly, does not require a response. To the extent that a response is required, the

        allegations are denied.

35.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and,

        accordingly, does not require a response. To the extent that a response is required, the

        allegations are denied.

36.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

37.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

38.     Defendant denies that owners are not provided with information about procedures on how to retrieve their property when the District "no longer needs the property," or when it is determined that the property is not subject to forfeiture.

39.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

40.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

41.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

42.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

43.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

44.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

45.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

46.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

47.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

48.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

49.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

50.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

**AFTER PROPERTY SEIZED**

51.    Defendant avers that property seized for forfeiture was deemed to be in the custody of the Mayor, as set forth in the District's civil forfeiture law.

52.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

53.    The allegations in this paragraph are denied.

54.    Defendant lacks sufficient information to admit or deny what "most people" do following the seizure of their property.

55.    Defendant lacks sufficient information to admit or deny what "most people" do following the seizure of their property. Therefore, the allegation is denied, together with the implication that the District is responsible for any "big run-around."

56.    Defendant lacks sufficient information to admit or deny whether the Property Clerk's phone number is "frequently non-working."

57.    The allegations in this paragraph are denied.

58.    In response to this paragraph, Defendant states that owners of seized property can employ several options to receive a post-seizure hearing under the District's civil forfeiture law. To the extent this allegation implies that Plaintiffs' failure to receive a hearing constituted a denial of due process or was otherwise unlawful, the allegation is denied.

59.    This paragraph states a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

60.  This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

61.  This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

62.  This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

63.  This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

64.  Defendant lacks sufficient information as to the "typical" length of time between the time of seizure and the resolution of a judicial forfeiture proceeding, especially given that each matter presents unique circumstances. To the extent this allegation implies that the District's actions are unlawful in connection with the forfeiture proceedings, the allegation is denied.

65.  This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

66.  This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

**PENDING FORFEITURE – AFTER PROPERTY SEIZED**

67.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

68.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

69.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

70.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

71.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

72.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

73.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

74.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

75.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

76.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

77.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

78.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

79.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

80.    Defendant denies that the District does not implement the forfeiture statute as written.

81.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

82.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

83.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

84.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

85.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

86.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

87.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

88.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

89.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

90.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

91.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

92.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

93.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

94.     Defendant denies that there are "defects" in the Mayor's forfeiture determinations and notice.

95.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

## INVESTIGATIVE AND EVIDENTIARY SEIZURES AND HOLDS

96.     Defendant avers that some property seized during traffic stops or during arrests is seized for use in investigations or as evidence in prosecutions. To the extent this allegation

implies that the District's actions are unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

97.     Defendant denies that MPD does not provide any written notice "at any time" in connection with the seizures referenced above.

98.     Defendant denies that MPD does not provide notice to owners when the seized property is no longer needed.

99.     This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

100.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

101.    This paragraph sets forth Plaintiffs' factual characterizations and legal conclusions and, accordingly, does not require a response. To the extent that a response is required, the allegations are denied.

## SEIZURE AND RETENTION OF NAMED PLAINTIFFS' CARS

### Kimberly KaTora Brown

102.    Defendant admits that Ms. Brown owned a 1995 Chevrolet Camaro that was titled and registered in her name in Maryland prior to judicial forfeiture. The remaining allegations that the vehicle's tags were "legal," and that the window tinting was "in compliance" with laws of Maryland and the District of Columbia, state a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

103.    Defendant lacks sufficient information to admit or deny whether Ms. Brown lent

her vehicle to a friend, Darrell C. Hammond, on April 25, 2010.

104.    Defendant lacks sufficient information to admit or deny whether Ms. Brown "had no

reason to know" whether Mr. Hammond would use the vehicle for an illegal purpose, or

whether Ms. Brown consented to Mr. Hammond's use of the vehicle for an illegal

purpose.

105.    Defendant admits that MPD stopped the Camaro on April 25, 2010 in the 1300 block of

Florida Avenue, NE. Defendant further admits that the PD163 relating to this matter

states that the vehicle had illegal window tinting and no front tag.

106.    Defendant states that the Complaint for Libel of Information filed by the District speaks

for itself and denies all other allegations.

107.    Defendant states that the Complaint for Libel of Information filed by the District speaks

for itself and denies all other allegations.

108.    Defendant admits that Mr. Hammond and the passenger were arrested and that the

vehicle and currency were held for civil forfeiture.

109.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph,

but states that neither Mr. Hammond nor Ms. Brown were entitled to a "receipt." To the

extent this allegation implies that the District's actions were unlawful or inconsistent with

the civil forfeiture law, the allegation is denied.

110.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

To the extent this allegation implies that the District's actions were unlawful or

inconsistent with the civil forfeiture law, the allegation is denied.

111.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

112.    Defendant denies that MPD did not mail or give Ms. Brown a Notice of Intent to Administratively Forfeit.

113.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

114.    Defendant admits that Ms. Brown paid the bond.

115.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. However, the District states that the regulations specifically referenced in the Notice of Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the fair market value of the property, but in doing so shall consider any verifiable and reasonable evidence of fair market value the claimant may present." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

116.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. However, the District states that the regulations specifically referenced in the Notice of Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the fair market value of the property, but in doing so shall consider any verifiable and reasonable evidence of fair market value the claimant may present." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

117.    Defendant admits that the Complaint for Libel of Information was filed on February 11, 2011.

118.    In response to this paragraph, Defendant states that the Complaint for Libel of Information speaks for itself and denies all other allegations.

119.    In response to this paragraph, Defendant states that the Complaint for Libel of Information speaks for itself and denies all other allegations.

120.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

121.    Defendant admits that counsel for the District informed Ms. Brown she had the right to file a document explaining her innocent owner status. In further response, Defendant states that Ms. Brown's June 4, 2011 Answer of Libel of Information speaks for itself and denies all other allegations.

122.    In response to this paragraph, Defendant states that Ms. Brown's June 4, 2011 Answer of Libel of Information speaks for itself and denies all other allegations.

123.    Defendant denies that the filing of the Answer was the "first opportunity" for Ms. Brown to contest the District's seizure and retention of the Camaro. The remaining allegation states a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

124.    Defendant admits that Ms. Brown attended "at least one hearing" in the forfeiture proceeding.

125.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

126.    Defendant admits that a default judgment was entered in favor of the District in the forfeiture proceedings on March 7, 2012 following Ms. Brown's failure to appear to mediation.

**Ishekebba Beckford**

127.    Defendant admits that a vehicle belonging to Ishekebba Beckford was seized in the arrest
of Natanjah Beckford on August 25, 2012 and that the vehicle was seized for evidence
and civil forfeiture in connection with charges of illegal drug possession with the intent to
distribute. Defendant lacks sufficient information to admit or deny the allegation that Ms.
Beckford lent the vehicle to Mr. Beckford "a day or two earlier." Defendant avers that the
evidentiary hold was released on April 30, 2013, and the vehicle was retrieved by Ms.
Beckford on May 24, 2013.

128.    In response to this paragraph, Defendant avers that a vehicle registered to Ms. Beckford
was seized in the arrest of Natanjah Beckford on August 25, 2012 (not August 30, 2012)
and that the vehicle was seized for civil forfeiture in connection with charges of illegal
drug possession with the intent to distribute. Although Defendant avers that Mr. Beckford
was driving a 2000 Lincoln LS in the District of Columbia at the time of the arrest,
Defendant denies that the arrest was for "personal use" of drugs.

129.    Defendant admits that Mr. Beckford's D.C. Superior Court case was closed on October 4,
2012, following a plea agreement with the government, but denies the characterization of
the charge as a "misdemeanor personal-use drug charge."

130.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

131.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph,
but states that Ms. Beckford was not entitled to a "receipt." To the extent this allegation
implies that the District's actions were unlawful or inconsistent with the civil forfeiture
law, the allegation is denied.

132.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

133.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

134.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

135.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

136.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

137.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. However, the District states that the regulations specifically referenced in the Notice of Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the fair market value of the property, but in doing so shall consider any verifiable and reasonable evidence of fair market value the claimant may present." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

138.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

139.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

140.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph regarding Ms. Beckford's communications with a "detective," "another man," or the District of Columbia Public Defender Service. Defendant avers that the evidentiary hold was released April 30, 2013, and the vehicle was retrieved by Ms. Beckford on May 24, 2013.

141.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

142.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

143.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Nickoya Hoyte**

144.    Defendant admits that a 2000 Mercury Grand Marquis belonging to Nickoya Hoyte was seized in connection with the execution of search warrant on May 9, 2012, at 1210 Hemlock Street NW, Washington, D.C. Defendant avers that the vehicle was seized for civil forfeiture in connection with charges of illegal drug possession with the intent to distribute and possession of illegal firearms and ammunition. Defendant further avers that the civil forfeiture hold was released April 11, 2013, the evidentiary hold was released on April 19, 2013, and the vehicle was retrieved on May 24, 2013.

145.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

146.   Defendant admits that Ali Abdullah was arrested by MPD on May 9, 2012.  With regard to the remaining allegations in this paragraph, Defendant states that the PD 163 speaks for itself, and Defendant denies all other allegations.

147.    Defendant admits that the vehicle's title was found in connection with the arrest on May 9, 2012.

148.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

149.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

150.   Defendant admits that Ms. Hoyte was found eligible for attorney representation under the Criminal Justice Act at the arraignment.

151.   Defendant admits that the government entered a *nolle prosequi* in connection with Ms. Hoyte's case following her completion of requirements under a Deferred Prosecution Agreement, on September 21, 2012.

152.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that neither Ms. Hoyte nor Mr. Abdullah were entitled to a "receipt." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

153.   Defendant denies this allegation and states that Ms. Hoyte acknowledged receipt of a "property seizure letter" from MPD on or about July 7, 2012.

154.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

155.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

156.   Defendant lacks sufficient information to admit or deny when Ms. Hoyte received the Notice of Intent to Administratively Forfeit. In further response, Defendant states that the

content of the Notice of Intent to Administratively Forfeit speaks for itself and denies all other allegations.

157.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

158.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. However, the District states that the regulations specifically referenced in the Notice of Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the fair market value of the property, but in doing so shall consider any verifiable and reasonable evidence of fair market value the claimant may present." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

159.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

160.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

161.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

162.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

163.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Kelly Hughes**

164.    Defendant admits that a 2006 Dodge Magnum belonging to Kelly Hughes was seized as evidence and for civil forfeiture on February 28, 2013 in connection with the execution of search warrant for controlled substances. Defendant avers that the vehicle was retrieved on May 24, 2013.

165.    In response to this allegation, Defendant states that the "police documents" referenced in this paragraph speak for themselves, and Defendant denies all other allegations.

166.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

167.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

168.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

169.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that Ms. Hughes was not entitled to an "invoice for her car or its contents." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

170.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

171.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

172.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

173.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

174.    Defendant admits that Ms. Hughes received a Notice of Intent to Administratively Forfeit, in person, on April 2, 2013.

175.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

176.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. However, the District states that the regulations specifically referenced in the Notice of Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the fair market value of the property, but in doing so shall consider any verifiable and reasonable evidence of fair market value the claimant may present." To the extent this

allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

177.    In response to this paragraph, Defendant states that the Notice of Intent to Administratively Forfeit speaks for itself and denies all other allegations.

178.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

179.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

180.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

181.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

182.    Defendant denies this allegation and avers that the vehicle was retrieved on May 24, 2013.

**Takia Jenkins**

183.    Defendant denies the allegations in this paragraph and states that MPD impounded Ms. Jenkins's Mercedes vehicle for safekeeping on February 21, 2012 when she was pulled over for driving the unregistered vehicle, without any tags displayed.  The vehicle was retrieved by Ms. Jenkins two days later, on February 23, 2012.

184.    Defendant denies the allegations in this paragraph and states that MPD impounded Ms. Jenkins's Mercedes vehicle for safekeeping on February 21, 2012.  The vehicle was retrieved by Ms. Jenkins two days later, on February 23, 2012.

185.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

186.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

187.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

188.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

189.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

190.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

191.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

192.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

193.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

194.    Defendant avers that it does not appear that a "prosecution" regarding Ms. Jenkins's vehicle was ever filed in any District of Columbia court.

195.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

196.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

197.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

198.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

199.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

200.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

201.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Steven May**

202.    Defendant denies that MPD seized Mr. May's 2003 Infinity on or about April 15, 2012. Defendant avers that the vehicle was seized for civil forfeiture on May 11, 2012 in connection with the traffic stop of "Darryl Driver" which led to charges of possession of cocaine with intent to distribute, possession of a prohibited weapon and driving without a permit. The vehicle was retrieved October 16, 2012.

203.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

204.    Defendant admits that Darryl Driver was placed under arrest on May 11, 2012. In further response, Defendant states that the court records referenced in this paragraph speak for themselves and denies all other allegations.

205.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

206.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

207.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph,

but states that Mr. May was not entitled to a "receipt." To the extent this allegation

implies that the District's actions were unlawful or inconsistent with the civil forfeiture

law, the allegation is denied.

208.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

209.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

210.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

211.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph

with regard to what "officers" told Mr. May, but admits that the vehicle was stored at

MPD's police impound lot at Blue Plains.

212.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

213.    Defendant admits that a Notice of Intent to Administratively Forfeit the Following

Property was sent to Mr. May and that the Notice was dated May 18, 2012. As to the

remaining allegations in this paragraph, Defendant states that the Notice speaks for itself

and denies all other allegations.

214.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

However, the District states that the regulations specifically referenced in the Notice of

Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the

fair market value of the property, but in doing so shall consider any verifiable and

reasonable evidence of fair market value the claimant may present." To the extent this

allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

215. Defendant lacks sufficient information to admit or deny the allegation that Mr. May "was unable to pay the bond," but denies that the application for a bond waiver or reduction was rejected. The bond was waived on September 26, 2012.

216. Defendant admits that the vehicle was retrieved October 16, 2012, and lacks sufficient information to admit or deny the remaining allegations in this paragraph.

217. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

218. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

219. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

220. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Romona Person**

221. Defendant avers that Ms. Person's 2010 Nissan Altima vehicle was seized for evidence and civil forfeiture on November 10, 2012 following MPD's discovery that it contained illegal contraband.  Defendant also admits that the vehicle was retrieved May 24, 2013.

222. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

223. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

224. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

225. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

226. Defendant admits that Ms. Person's 2010 Nissan Altima vehicle was seized for evidence and civil forfeiture on November 10, 2012 following MPD's discovery that it contained illegal contraband.

227. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

228.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

229.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

230.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that neither Ms. Person nor her brother were entitled to a "receipt." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

231.    Defendant denies the allegation in this paragraph.

232.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

233.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

234.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

235.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

236.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

237.    Defendant denies the first part of this allegation and states that the Notice of Intent to Administratively Forfeit the Following Property, dated April 1, 2013, speaks for itself and denies all other allegations.

238.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph. However, the District states that the regulations specifically referenced in the Notice of Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the fair market value of the property, but in doing so shall consider any verifiable and reasonable evidence of fair market value the claimant may present." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

239.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

240. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

241. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

242. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

243. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

244. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

245. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

246. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

247. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Dorian Urquhart**

248. Defendant avers that Mr. Urquhart's unattended 2004 Grand Prix was seized for civil forfeiture on April 14, 2011 following MPD's discovery of controlled substances in the vehicle while conducting a business check.

249. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

250. Defendant lacks sufficient information to admit or deny the allegations in the first part of this paragraph. The second part states a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

251. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

252. Defendant admits that MPD went to Mr. Urquhart's home address on April 14, 2011, and that officers spoke to Mr. Urquhart's mother to determine the ownership of the vehicle. Defendant lacks sufficient information to admit or deny the allegation that officers "told [Mr. Urquhart's] mother they had seized the vehicle."

253. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that neither Mr. Urquhart nor his mother were entitled to a "receipt or writing."

To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

254.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

255.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

256.    Defendant admits that a Notice of Intent to Administratively Forfeit the Following Property was sent to Mr. May and that the Notice was dated May 11, 2011. As to the remaining allegations in this paragraph, Defendant states that the Notice speaks for itself and denies all other allegations.

257.    Defendant lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph. The District states that the regulations specifically referenced in the Notice of Intent to Administratively Forfeit provide that "[t]he Property Clerk shall determine the fair market value of the property, but in doing so shall consider any verifiable and reasonable evidence of fair market value the claimant may present." To the extent the first sentence of the paragraph implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied. Regarding the second sentence of the paragraph, Defendant admits that Mr. Urquhart submitted an application for a waiver or reduction of the bond on or about June 4, 2011.

258.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

259.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

260.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

261.    Defendant admits that Mr. Urquhart's application for a waiver or reduction of the bond was denied based upon his failure to provide the required information.

262.    Defendant avers that the vehicle was retrieved August 13, 2012, but lacks sufficient information to admit or deny whether the District of Columbia Public Defender Service "helped Mr. Urquhart get his car back."

263.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

264.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

265.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

266.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

267.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

## **Muslimah Taylor**

268.    Defendant admits Muslimah Taylor's Chevy Tahoe vehicle was recovered and held as evidence on or about June 3, 2013 in connection to an assault with a dangerous weapon that occurred in the District, but lacks sufficient information to admit or deny whether Ms. Taylor's boyfriend "was driving [the vehicle] with her permission" at the time it was seized. Defendant avers that the vehicle was retrieved by the owner on August 22, 2013.

269.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

270.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

271.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

272.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

273.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

274.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

275.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

276.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

277.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

278.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that neither Ms. Taylor nor Mr. Vance were entitled to a "receipt or writing." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

279.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

280.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

### SEIZURE AND RETENTION OF NAMED PLAINTIFFS' CURRENCY

**<u>Marilyn Langly</u>**

281.   Defendant denies that MPD officers arrested Ms. Langly on February 17, 2013.

282.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

283.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

284.   Defendant admits that MPD officers seized $5.00 from Ms. Langly in connection with her arrest for possession of a controlled substance on February 15, 2011.

285.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that Ms. Langly was not entitled to a "receipt or writing." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

286.   Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

287.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

288.   Defendant admits that Ms. Langly was found eligible at the arraignment for attorney representation under the Criminal Justice Act.

289.    Defendant admits that the government entered a *nolle prosequi* in connection with Ms. Langly's case on June 3, 2011.

290.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

291.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

292.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

293.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Julius Gordon**

294.    Defendant denies that MPD officers arrested Mr. Gordon on February 17, 2013.

295.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

296.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

297.    Defendant admits that MPD officers seized $44.00 from Mr. Gordon in connection with his arrest for possession of a controlled substance on February 15, 2011.

298.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that Mr. Gordon was not entitled to a "receipt or writing." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

299.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

300.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

301.    Defendant admits that Mr. Gordon was found eligible at the arraignment for attorney representation under the Criminal Justice Act.

302.    Defendant admits that the government entered a *nolle prosequi* in connection with Ms. Gordon's case on June 3, 2011.

303.    Defendant denies that the District never sent Mr. Gordon a notice indicating that the money was subject to forfeiture.

304.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

305.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

306.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

307.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

308.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Nickoya Hoyte**

309.    Defendant avers that MPD seized $1530 from under a mattress in connection with the execution of search warrant on May 9, 2012, at 1210 Hemlock Street NW, Washington, D.C.

310.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that Ms. Hoyte was not entitled to a "receipt or writing." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

311.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

312.    Defendant admits that the government entered a *nolle prosequi* in connection with Ms. Hoyte's case following her completion of requirements under a Deferred Prosecution Agreement, on September 21, 2012.

313.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

314.    Defendant denies that the currency seized in connection with Ms. Hoyte's arrest has not been returned.

315.    Defendant denies that MPD declared the currency forfeited in a Mayor's forfeiture determination.

316.    Defendant denies that MPD is holding the currency for safekeeping.

**Jarrett Acey**

317.    This paragraph does not present an allegation and therefore no response is required. To the extent a response is required, the allegation is denied.

318.    Defendant denies the allegation in this paragraph.

319.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

320.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

321.    Defendant denies that MPD "took" $1,500 from Mr. Acey.

322.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

323.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

324.    Defendant lacks sufficient information to admit or deny the first part of this paragraph. The remainder of the paragraph states a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

325.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

326.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

327.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**David Littlepage / Terrence Thomas**

328.  Defendant denies the first part of this paragraph and lacks sufficient information to admit or deny whether Mr. Littlepage is "an elderly gentleman who is disabled and lives on Social Security."

329.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

330.  In response to this paragraph, Defendant states that the warrant speaks for itself and denies all other allegations.

331.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

332.  Defendant admits that MPD did not find cocaine at Mr. Littlepage's home on April 26, 2013.

333.  Defendant avers that MPD officers found a hookah (smoking pipe) in a room at Mr. Littlepage's residence.

334.  Defendant admits that the government declined to prosecute the case and lacks sufficient information to admit or deny the remaining allegations in this paragraph.

335.  Defendant avers that MPD officers seized $340 in cash from Mr. Littlepage's residence.

336.  Defendant avers that currency was seized from Mr. Littlepage's property in connection with the execution of a search warrant.

337.  In response to this paragraph, Defendant states that the warrant speaks for itself and denies all other allegations.

338.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

339.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

340.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

341.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

342.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

343.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

344.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

345.    Defendant denies that the District never sent Mr. Littlepage a notice indicating that the money was subject to forfeiture.

346.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

347.    Defendant admits that a Notice of Intent to Administratively Forfeit the Property was re-sent to Mr. Littlepage. The content of the notice speaks for itself, and Defendant denies all other allegations.

348.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

349.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

350.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

351.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

352.    Defendant denies the allegation in this paragraph.

**Stephanie McRae**

353.    Defendant avers that MPD officers arrested Ms. McRae on May 1, 2012, and that Ms. McRae was charged with misdemeanor possession of a controlled substance.

354.    Defendant avers that MPD officers seized $349.22 in connection with Ms. McRae's arrest and that the money was held for civil forfeiture.

355.    Defendant lacks sufficient information to admit or deny the allegations in the first part of this paragraph. With regard to the second part (allegations pertaining to court documents

and records), Defendant states that those documents speak for themselves and denies all other allegations.

356. Defendant admits that Ms. McRae was found eligible at the arraignment for attorney representation under the Criminal Justice Act.

357. Defendant admits that the government entered a *nolle prosequi* in connection with Ms. McRae's case on March 20, 2013, based upon Ms. McRae's medical issues.

358. Defendant admits that a notice of intent to forfeit was mailed to Ms. McRae in July 2012, but lacks sufficient information to admit or deny the allegation that the notice was sent to the wrong address.

359. This paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

360. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

361. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

362. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

363. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**Shane Lucas**

364. Defendant denies that Mr. Lucas was arrested on October 4, 2012, and denies the remaining allegations in this paragraph.

365. Defendant avers that MPD officers arrested Mr. Lucas for possession of an open container of alcohol on October 3, 2012.

366. Defendant avers that following the arrest, a strip search of Mr. Lucas was conducted by MPD officers at the Third Police District which revealed the possession of a controlled substance.

367. Defendant avers that Mr. Lucas was charged with possession of a controlled substance on October 4, 2012.

368. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

369. Defendant admits that $814 was seized in connection with Mr. Lucas's arrest for possession of a controlled substance and that the money was held for civil forfeiture.

370. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that Mr. Lucas was not entitled to a "receipt or writing." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

371. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

372. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

373. Defendant admits that Mr. Lucas was found eligible at the arraignment for attorney representation under the Criminal Justice Act.

374. Defendant admits that Mr. Lucas's case was dismissed on February 4, 2013, as part of a plea agreement in another case.

375. Defendant denies that the District never sent Mr. Lucas a notice indicating that the money was subject to forfeiture.

376. Defendant denies that the $814 was not returned to Mr. Lucas.

377. Defendant denies the allegation in this paragraph.

378. Defendant denies the allegation in this paragraph.

**Thomas Dutka and Ann Melton**

379. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

380.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

381.    Defendant avers that Willie Honable was arrested and faced "several charges," including pandering and possession of a prohibited weapon on July 4, 2013. Defendant lacks sufficient information to admit or deny whether the vehicle or currency seized in connection with the arrest was "entrusted" to Mr. Honable and/or belonged to Mr. Dutka and Ms. Melton.

382.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that neither Mr. Honable nor Mr. Dutka or Ms. Melton were entitled to a "receipt or writing." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

383.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

384.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

385.    Defendant avers that the vehicle was retrieved, but lacks sufficient information to admit or deny the allegation that "PDS intervened and helped."

386.    In response to this paragraph, Defendant states that the notice sent to Mr. Dutka and Ms. Melton speaks for itself, and Defendant denies all other allegations.

387.    Defendant avers that the currency seized in connection with Mr. Honable's arrest has not been returned, because it was adopted and seized by the Federal Government based on its investigation and criteria for the seizure.

388.    Defendant denies that the currency was forfeited in a Mayor's forfeiture determination.

389.    Defendant denies the allegation in this paragraph.

**Chiquata Steele**

390.    Defendant denies the allegation in this paragraph.

391.    Defendant denies the allegation in this paragraph.

392.    Defendant admits that Ms. Steele was found eligible for attorney representation under the Criminal Justice Act, in connection with charges filed on July 16, 2012 for possession of a controlled substance with the intent to distribute.

393.    Defendant avers that Ms. Steele pled guilty to attempted possession of a controlled substance with the intent to distribute, on December 3, 2012. Defendant lacks sufficient information to admit or deny the allegations in this paragraph relating to Ms. Steele's sister or "the other person."

394.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph, but states that neither Ms. Steele nor her sister or "the other person" were entitled to a "receipt or writing." To the extent this allegation implies that the District's actions were unlawful or inconsistent with the civil forfeiture law, the allegation is denied.

395.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, but states that this Court has determined that no such hearing was required.

396.    In response to this paragraph, Defendant states that the notice sent to Ms. Steele speaks for itself, and Defendant denies all other allegations.

397.    Defendant avers that the currency seized in connection with Ms. Steele's arrest has not been returned, because it was adopted and seized by the Federal Government based on its investigation and criteria for the seizure.

398.    Defendant denies that the currency was forfeited in a Mayor's forfeiture determination.

399.    Defendant denies that the currency is being held by the MPD Property Clerk for

safekeeping.

400.    Defendant denies the allegation in this paragraph.

**Gregory Stewart**

401.    Defendant avers that on April 13, 2011, Mr. Stewart was arrested for possession of a

controlled substance with intent to distribute and that $605 was seized by MPD officers

and held for civil forfeiture.

402.    Defendant avers that a traffic stop was conducted by MPD officers on April 13, 2011,

which led to Mr. Stewart's (not Ms. Steele's) arrest for possession of a controlled

substance following his admission to officers that he was in possession of cocaine.

403.    Defendant admits that MPD officers searched Mr. Stewart's clothing and found a

substance that Mr. Stewart stated was "crack" cocaine.

404.    Defendant admits that $605 was seized by MPD officers in connection with Mr.

Stewart's arrest and that the money was found in Mr. Stewart's front pants pocket.

405.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph,

but states that Mr. Stewart was not entitled to a "receipt or writing." To the extent this

allegation implies that the District's actions were unlawful or inconsistent with the civil

forfeiture law, the allegation is denied.

406.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph,

but states that this Court has determined that no such hearing was required.

407.    Defendant denies that the District did not send Mr. Stewart a notice of intent to

administratively forfeit the property.

408.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

409.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

410.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

411.    Defendant denies the allegation in this paragraph.

## SUBSTANTIVE ALLEGATIONS

### <u>CLAIM ONE</u>

**Fifth Amendment Procedural Due Process Claim for Failure to Provide Notice at Seizure**

412.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

413.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

414.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

415.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

### <u>CLAIM TWO</u>

**Fourth Amendment Claim for Failure to Provide Notice at Seizure**

416.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

417.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

418.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

419.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## <u>CLAIM THREE</u>

**Fifth Amendment Procedural Due Process Claim for Failure to Provide Prompt Post Seizure Hearings**

420.   This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant states that this paragraph identifies certain plaintiffs whose claims have been dismissed and restates its responses to the preceding paragraphs as if fully incorporated here.

421.   This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

422.   This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

423.   Defendant denies the allegations in this paragraph.

## CLAIM FOUR

**Fourth Amendment Claim for Failure to Provide Prompt Post Seizure Hearings**

424.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

425.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

426.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

427.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM FIVE

**Fifth Amendment Claim for Custom of Failing to Send Notice of Forfeiture or Failing to Resend Follow-up Notice or Sending the Notice to an Obviously Wrong Location**

428.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant states that this paragraph identifies certain plaintiffs whose claims have been dismissed and restates its responses to the preceding paragraphs as if fully incorporated here.

429.    Defendant denies the allegations in this paragraph.

430.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

431.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

432.    Defendant denies the allegations in this paragraph.

## CLAIM SIX

**Fourth Amendment Claim for Custom of Failing to Send Notice of Forfeiture or Failing to Resend Follow-up Notice or Sending the Notice to an Obviously Wrong Location**

433.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

434.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

435.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

436.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

437.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM SEVEN

**Fifth Amendment Claim for Custom of Failing to Send Notice Informing People of Their Right to Return of Property**

438.　This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant states that this paragraph identifies certain plaintiffs whose claims have been dismissed and restates its responses to the preceding paragraphs as if fully incorporated here.

439.　Defendant denies the allegations in this paragraph.

440.　This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

441.　This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

442.　Defendant denies the allegations in this paragraph.

443.　Defendant denies the allegations in this paragraph.

444.　Defendant denies the allegations in this paragraph.

445.　Defendant denies the allegations in this paragraph.

446.　This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

447.　Defendant denies the allegations in this paragraph.

## CLAIM EIGHT

**Fourth Amendment Claim for Custom of Failing to Send Notice Informing People of Their Right to Return of Property**

448.   This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

449.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

450.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

451.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

452.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

453.   Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

454.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

455.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

456.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

457.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM NINE

**Fifth Amendment Claim for Failure to Send Notice to People Whose Property is Subject to Forfeiture Reasonably Calculated, Under all the Circumstances, to Appraise Interested Parties of the Pendency of the Forfeiture and Afford Them an Opportunity to Present Their Objections**

458.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

459.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

460.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

461.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

462.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM TEN

**Fifth Amendment Claim for Failure to Send Notice Informing People of the MPD's Secret Procedure of Allowing Some People to Present Evidence Challenging the Mayor's Forfeiture Determinations After Notice is Sent**

463.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant states that this paragraph identifies certain plaintiffs whose claims have been dismissed and restates its responses to the preceding paragraphs as if fully incorporated here.

464.    Defendant denies the allegations in this paragraph.

465.    Defendant denies the allegations in this paragraph.

466.    Defendant denies the allegations in this paragraph.

467.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied

468.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied

469.  This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied

470.  This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied

471.  This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied

472.  This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied

473.  Defendant denies the allegations in this paragraph.

## CLAIM ELEVEN

**Fourth Amendment Claim for Failure to Send Notice Informing People of the MPD's Secret Procedure of Allowing Some People to Present Evidence Challenging the Mayor's Forfeiture Determinations After Notice is Sent**

474.  This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

475.  Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

476.  Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

477.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

478.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

479.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

480.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

481.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

482.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

483.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

484.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM TWELVE

### Fifth Amendment Claim Because the Mayor's Forfeiture Determination Hearings as Conducted by the MPD do not Satisfy Fifth Amendment Due Process

485.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

486.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

487.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

488.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

489.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

490.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

491.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

492.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

493.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

494.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

495.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

496.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

497.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM THIRTEEN

**Fourth Amendment Claim Because the Mayor's Forfeiture Determination Hearings as Conducted by the MPD do not Satisfy Fourth Amendment Process**

498.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

499.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

500.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

501.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

502.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

503.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

504.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

505.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

506.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

507.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

508.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

509.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

510.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM FOURTEEN

**Making Claimants Pay Bond Set by the MPD to Obtain Access to a Judicial Forfeiture Proceeding Violates the Fifth Amendment Equal Protection Clause**

511.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant states that this paragraph identifies plaintiffs whose claims have been dismissed and restates its responses to the preceding paragraphs as if fully incorporated here.

512.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

513.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

514.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

515.    Defendant denies the allegations in this paragraph.

516.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

517.    Defendant denies the allegations in this paragraph.

## CLAIM FIFTEEN

**The Aggregate Effect of Forfeiture Proceedings as Implemented by the MPD Violates Fifth Amendment Equal Protection Clause**

518.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

519.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

520.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

521.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLAIM SIXTEEN

**The Aggregate Effect of Forfeiture Proceedings as Implemented by the MPD Violates Fourth Amendment Equal Protection Requirements**

522.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendant. Defendant restates its responses to the preceding paragraphs as if fully incorporated here.

523.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

524.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

525.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## CLASS ACTION ALLEGATIONS

### Class Allegations for Each Class

526.    This paragraph characterizes the nature of this action and states a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

**Claims One and Two: No Notice at Seizure – Seizure Notice Class**

527.    Defendant need not answer this paragraph because it is in support of a claim that was dismissed by the Court.  Further, this paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

**Claims Three and Four: No Prompt Simms Hearings – Simms Class**

528.    This paragraph characterizes the nature of this action and states a legal conclusion to which no answer is required. To the extent an answer is required, the allegation is denied.

### Claims Five and Six: No Notice Sent or Re-sent, or Notice Sent to Unreasonably Wrong Address – No Forfeiture Notice Class

529.    This paragraph characterizes the nature of this action and states a legal conclusion to

which no answer is required. To the extent an answer is required, the allegation is denied.

### Claims Seven and Eight: No Notice Owner Has Right to Return of Property – Right to Return Class

530.    This paragraph characterizes the nature of this action and states a legal conclusion to

which no answer is required. To the extent an answer is required, the allegation is denied.

### Claim Nine: Notice Provides Insufficient, Wrong, or Conflicting Information – Insufficient Forfeiture Notice

531.    Defendant need not answer this paragraph because it is in support of a claim that was

dismissed by the Court.  Further, this paragraph contains legal conclusions to which no

answer is required. To the extent an answer is required, this allegation is denied.

### Claims Ten and Eleven: Notice Does Not Describe Secret Procedures or Remedies: Violates the Fifth and Fourth Amendment – Memphis Light Class

532.    This paragraph characterizes the nature of this action and states a legal conclusion to

which no answer is required. To the extent an answer is required, the allegation is denied.

### Claims Twelve and Thirteen: Mayor's Forfeiture Determination Violates Mathews or Fourth Amendment Analogue of Mathews – Mathews Class

533.    Defendant need not answer this paragraph because it is in support of a claim that was

dismissed by the Court.  Further, this paragraph contains legal conclusions to which no

answer is required. To the extent an answer is required, this allegation is denied.

### Claim Fourteen: Conditioning Court Access on Paying Bond Set by MPD – Penal Bond Class

534.    This paragraph characterizes the nature of this action and states a legal conclusion to

which no answer is required. To the extent an answer is required, the allegation is denied.

**Claims Fifteen and Sixteen: Civil Forfeiture Scheme in Aggregate Violates Due Process –
Aggregate Class**

535.    Defendant need not answer this paragraph because it is in support of a claim that was

dismissed by the Court.  Further, this paragraph contains legal conclusions to which no

answer is required. To the extent an answer is required, this allegation is denied.

## Class Allegations Applicable to All Classes

536.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

537.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

538.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

539.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

540.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

541.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

542.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

543.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

544.    This paragraph contains legal conclusions to which no answer is required. To the extent

an answer is required, this allegation is denied.

545.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

546.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

547.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

548.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

549.    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, this allegation is denied.

## **RELIEF DEMANDED**

This paragraph contains a prayer for relief to which no answer is required. To the extent an answer is required, Defendant denies the allegations in this paragraph and denies that Plaintiffs are entitled to the relief requested.

WHEREFORE, Defendant explicitly denies that Plaintiff is entitled to any relief whatsoever.

## **JURY DEMAND**

Defendant demands a jury trial on all claims triable by jury in this case.


Dated: August 25, 2015             Respectfully submitted,

                                   KARL A. RACINE
                                   Attorney General for the District of Columbia

                                   ELIZABETH SARAH GERE
                                   Acting Deputy Attorney General
                                   Public Interest Division

                                   /s/ Toni Michelle Jackson
                                   TONI MICHELLE JACKSON (D.C. Bar No. 453765)
                                   Chief, Equity Section

/s/ Gary Feldon
GARY FELDON [D.C. Bar No. 987142]
Assistant Attorney General
441 Fourth Street N.W.
6th Floor South
Washington, DC 20001
Telephone:  (202) 724-5691
Facsimile:  (202) 730-0640
Email:  gary.feldon@dc.gov

/s/ Fernando Amarillas
FERNANDO AMARILLAS (D.C. Bar No. 974858)
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 442-9887
Facsimile:  (202) 730-0646
Email: fernando.amarillas@dc.gov

***Counsel for Defendant the District of Columbia***