UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>*Defendant*. | Civil Action No. 13-569 (CRC) |

## JOINT SUMMARY OF DISPUTE REGARDING PROTECTIVE ORDER

Counsel for Plaintiffs Kimberly Brown, *et al.*, and Defendant the District of Columbia submit the following summary of the dispute regarding a protective order in this case.

I.   **District of Columbia**

Discovery in this litigation will involve the exchange of sensitive and confidential information, including personal information and non-public records relating to arrests and police investigations. For privacy reasons and in the interest of complying with both federal and local law, the District drafted a proposed order, attached as Exhibit A, which provides that this information be designated as confidential and that it will be limited to use only in this case. The Parties have been unable to reach an agreement on the terms of a protective order with respect to three areas. Plaintiffs' proposed order should be rejected because it creates multiple loopholes for confidential information to be used outside of this litigation.

A. **Publicly Available Information**

Plaintiffs propose that "any information that is publicly available in publicly available records [such as CourtView] … is not considered as CONFIDENTIAL under this Protective Order regardless of whether a party has designated it as CONFIDENTIAL." Exhibit B. This exception would allow a party to unilaterally decide that a document is no longer subject to the protective order without taking the necessary steps to challenge the designation under the terms of the order. This would completely undermine the purpose of a protective order which is to prohibit the use of confidential information beyond the case in which it is produced. This also applies to the production of unnamed class members' contact information. Courts regularly hold that such information "is to be produced to Plaintiff's counsel only and used only in this litigation." *See, e.g., Salgado v. O'Lakes*, 2014 WL

7272784, at *11 (E.D. Cal. Dec. 18, 2014); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011) (noting that such measures are warranted to protect the "privacy interests of potential class members"); *Dennington v. State Farm Fire & Cas. Co.*, 2015 WL 1522238, at *2 (W.D. Ark. Apr. 2, 2015).

If certain information that the Metropolitan Police Department (MPD) intends to produce is publically available online or through the D.C. Superior Court's docket, including birth dates and social security numbers,[1] the confidentiality of that information is unchanged because it originates from MPD's Evidence Control Branch. The District should not bear the burden of determining whether information contained in MPD's database is publically available, especially given that MPD intends to produce over 26,000 documents from its property and evidence management database.[2] The District's proposed confidentiality order does not restrict Plaintiffs' ability to use information obtained from public sources.

### B. Related Cases

Initially, Plaintiffs proposed that confidential information shall not be disclosed for any purpose other than "discovery and trial in this action and any additional action that meets the definition of "related" to this case as that term is defined in LCvR 40.5."[3] Exhibit B. This proposal undermines the purpose of a confidentiality order which is to keep confidential information limited to this lawsuit. *See, e.g., Jean v. The Stanley Works*, 2007 WL 1039126, at *2 (N.D. Ohio

---

[1] D.C. Superior Court Criminal Procedure Rule 49.1 provides, subject to certain narrow exceptions, that this personal information should be redacted in filings made with the Court.

[2] The District is reviewing these documents for responsiveness and privilege.

[3] Inexplicably, Plaintiffs' edit eliminates the Parties' ability to use confidential information in any appeal of this action, to which the District objects.

Apr. 2, 2007) ("[T]his Court agrees with defendant's stance that plaintiffs should not have carte blanche to utilize all discovery from this action in" another proceeding); *On Command Video Corp. v. LodgeNet Entertainment Corp.*, 976 F. Supp. 917, 922 (N.D. Cal. 1997) (finding that plaintiff's use of protected information to file a separate state court lawsuit was "tantamount to no compliance at all"). The District has not been served in either of the two cases that Plaintiffs are now classifying as "related" cases.[4] As such, the time to respond to the complaint in those cases has not lapsed, and it is uncertain whether those cases will even progress to discovery. And even if those cases are "related" and the Parties engage in discovery, there is no reason for the confidential documents in this case to be used in other cases.

### C. Experts' Summaries

Plaintiffs' proposal that expert summaries be deemed "NOT CONFIDENTIAL" for use in "related" cases also undermines the purpose of a confidentiality order. It is not difficult to imagine a situation in which the underlying data upon which expert summaries are based will be necessary if used in "related" cases. If disclosure is allowed, the bulk of the confidential information will no longer be restricted to this litigation. Instead, the parties in any separate litigation should exchange discovery in the context of that litigation. The District's proposed order provides an appropriate method for the handling of confidential information by experts in this case. Exhibit A (Section III).

---

[4] The cases are: *Jenkins v. District of Columbia* (1:16cv118-CRC) and *Melton v. District of Columbia* (1:16cv237-CRC). Plaintiffs' counsel indicated on February 17, 2016 that he may file an additional "related" lawsuit.

3

## II. Plaintiffs

1. Publically available Information.

The District's protective order sweeps too broadly because it covers information which is not entitled to protection under Fed. R. Civ. P. 26(c) because it is publically available in multiple public sources. For example, the District's protective order covers "personal information, including, but not limited to, an individual's home address, telephone number, date of birth, social security number, and/or any other personal information unique to such individual." ¶ I.A.

Each of these data items (with the exception of social security numbers) is publicly available in sources such as CourtView (Ps. Ex. C), the daily lock-up list available online and every day at Superior Court that arraignment court is in session (Ps. Ex. D), the District's own filings on PACER and CourtView, AUSA filings on CourtView in cases prosecuted on behalf of the District, the newspaper (notice of forfeiture required by statute), and information the District has previously produced in FOIA requests (Ps. Ex. E). The District's own filings in support of its motion to dismiss/ summary judgment motion in this case [65] include: Ms. Jenkins' PD 81 and her property release from the AUSA; Ms. Taylor's PD 81, her property release, and the search warrant for her Tahoe.

Also, the District produced discovery in Hardy v. District of Columbia and Simms v District of Columbia about EvidenceOnQ (e.g., screen shots, how data is entered) that was

not subject to a protective order and some of which was in fact publically filed by the District on Pacer.

First, Fed. R. Civ. P. 26(c) applies only to documents and information that meet the "good cause test." <u>Foltz v. State Farm Mutual Auto. Ins. Co.</u>, 331 F.3d 1122, 1130-31 (9th Cir. 2003). Second, over designating, that is, designating all documents produced by a party or practically all documents produced by a party as Confidential and subject to the protective order, is a violation of Rule 26(c). <u>Healthtrio, LLC v. Aetna, Inc.</u>, 2014 U.S. Dist. LEXIS 169321 (D. Colo. Dec. 5, 2014).

2.   Use of Confidential information in Related Cases.

Plaintiffs have filed two related cases (<u>Jenkins v. District of Columbia</u>, 16-118 (CRC) and <u>Melton v. District of Columbia</u>, 16-237 (CRC)) and may file a third covering notice and hearings for seizures of currency for civil forfeiture that the District did not transfer to the DOJ. Plaintiffs believe any discovery produced in this case should also be available to plaintiffs for use in the three related cases.

Discovery in this and the Related Cases involves not only typical electronic and hard copy material, but also a large and complex database (EvidenceOnQ). We have been working with the Defendants to obtain this discovery, and are heartened by the progress in our negotiations to date, but as yet have received no discovery of any kind in the three months since our Requests for Production were served. We anticipate it will take several more months before we are provided with the information we have requested. It

is inefficient and a waste of resources to have to go through this discovery process again when the information provided in the current case will be readily available for the related cases. Allowing discovery in the current case to be used in the related cases will help lead to the "just, speedy and inexpensive determination" of this and the related cases. Fed. R. Civ. P. 1.

There is no rule that says that plaintiffs cannot use discovery produced in one case in another case. The protective order is to protect "[p]rivacy of proprietary information, not immunity from suit." Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.), 10 F.3d 693, 696 (9th Cir. 1993). Guarding a party from adverse consequences in other civil lawsuits is not a proper basis for sealing judicial records. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1137 (9th Cir. 2003) ("[D]isclosure might harm State Farm by exposing it to additional liability and litigation . . . , but a litigant is not entitled to the court's protection from this type of harm."); Jenkins v. Wash. Metro. Area Transit Auth. (In re Fort Totten Metrorail Cases Arising out of the Events of June 22), 960 F. Supp. 2d 2, 10 (D.D.C. 2013).

3.   Summaries of data in any pleading filed in open court

Plaintiffs should be free to use summaries of data in any pleading filed in open court in this case or a Related Case that does not reveal Confidential information.

6

Respectfully submitted,

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar No. 446579
2020 Pennsylvania Ave., NW
Suite 395
Washington, D.C. 20006
Telephone 202-824-0700

/s/ Lynn E. Cunningham
LYNN E. CUNNINGHAM
D.C. Bar No. 221598
P.O. Box 1547
Dubois, WY 82513
Telephone 307-431-4158

/s/ Bennett B. Borden
BENNETT B. BORDEN
D.C. Bar No. 501228
Drinker Biddle & Reath LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 230-5194
Facsimile: (202) 842-8465
Email: Bennett.Borden@dbr.com

*Counsel for Plaintiffs*

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON
D.C. Bar No. 453765
Chief, Equity Section
Public Interest Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS
D.C. Bar No. 974858
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 442-9887
Facsimile: (202) 730-0646
Email: fernando.amarillas@dc.gov

/s/ Caliandra Burstein
CALIANDRA BURSTEIN
D.C. Bar No. 1014852
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 727-6247
Facsimile: (202) 741-0579
Email: caliandra.burstein@dc.gov

 /s/ Christine L. Gephardt
CHRISTINE L. GEPHARDT
D.C. Bar No. 994547
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001

Dated: February 19, 2016.

Telephone: (202) 727-2429
Facsimile: (202) 741-5906
Email: christine.gephardt@dc.gov

*Counsel for Defendant the District of Columbia*

8