UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIMBERLY KATORA BROWN, et al.

        Plaintiffs,

v.

GOVERNMENT OF THE DISTRICT OF COLUMBIA

        Defendant

Civil Action No: 13-569 (CRC)

## Julius Tom Gordon's Responses to the District's First Set of Interrogatories

**Plaintiffs Objection to Defendant's Instructions**

      Plaintiffs object to defendants' instructions because neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 34 authorizes parties to make up their own instructions. Each Plaintiff's responses are governed by the Rules.

**Interrogatory # 1.**

State your full name (including any former names or aliases), date of birth, residential address(es) since age 18, specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized. In addition, provide your driver's license number, identifying the jurisdiction where you are licensed to drive, both now and at the time of the events alleged in the Second Amended Complaint.

**Objection:** work product doctrine.

**Response:**

**Name:** Julius Martin "Tom" Gordon

**DOB:**

10.

State whether you received a Notice of Intent to Administratively forfeit following the seizure of your vehicle and/or currency, including the date of the Notice, when you received it, and where it was received. If you received no Notice and you contend that you would have availed yourself of procedure to challenge the seizure had you received notice, and that you would have _____ if a post-seizure hearing had been afforded, state all facts and circumstances to support your contention:

**Objection**: work product doctrine.

**Response**:

The District never gave any notice. If they had I would have talked to my Georgetown lawyer and asked her what to do.

/s/ William Claiborne
William Claiborne

REDACTED

Gordon signature page redacted because his license is next to his signature

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant | Civil Action No: 13-569 (CRC) |

**Nickoya Hoyte's Supplemented Responses to the District's First Set of Interrogatories**

**Plaintiffs' Objection to Defendant's Instructions**

Plaintiffs object to defendants' instructions because neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 3 authorizes parties to make up their own instructions. Each Plaintiff's responses are governed by the Rules.

**Interrogatory # 1.**

State your full name (including any former names or aliases), date of birth, residential address(es) since age 18, specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized. In addition, provide your driver's license number, identifying the jurisdiction where you are licensed to drive, both now and at the time of the events alleged in the Second Amended Complaint.

**Objection:** work product doctrine; object to providing more than five years' worth of addresses.

**Response:**

**Name:**

Nickoya Hoyte

**DOB:**

10.

**State whether you received a Notice of Intent to Administratively forfeit following the seizure of your vehicle and/or currency, including the date of the Notice, when you received it, and where it was received. If you received no Notice and you contend that you would have availed yourself of procedure to challenge the seizure had you received notice, and that you would have obtained the property if a post-seizure hearing had been afforded, state all facts and circumstances to support your contention:**

**Objection**: work product doctrine.

**Response**:

I did receive notice at the Ripon Street address that the MPD intended to forfeit my car. It was dated May 24, 2012, just a few weeks after the District took my car. I did pay a bond.

If I had gotten a prompt post seizure hearing and notice of that hearing I could've explained to the judge that I was an innocent owner and I was entitled to get my car back and I probably could've got my car back right away without having to pay a bond.

I did not receive any notice about my money until August 2015 when the District mailed copies of court documents relating to the $1500 to my mother's house, not to my house.

Police took $1,500 of my money from under my mattress and there was no connection between me or my money and any criminal activity in the house. If I had gotten a prompt post seizure hearing and notice of that hearing I could've explained to the judge that I was an innocent owner and I was entitled to get my money back and I probably could've got my money back right away.

/s/ William Claiborne
William Claiborne

I, Nickoya Hoyte, pursuant to 28 U.S.C. § 1746, certify as true under penalty of perjury under the laws of the United States of America that the preceding supplemented interrogatory responses are true to the best of my knowledge.

*[signature]*
Nickoya Hoyte
City/ State where signed Upper Marlboro MD

Date signed 12/27/2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al. | |
| Plaintiffs, | Civil Action No: 13-569 (CRC) |
| v. | |
| GOVERNMENT OF THE DISTRICT OF COLUMBIA | |
| Defendant | |

Marilyn Langly's Responses to the District's First Set of Interrogatories

**Plaintiffs Objection to Defendant's Instructions**

Plaintiffs object to defendants' instructions because neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 34 authorizes parties to make up their own instructions. Each Plaintiff's responses are governed by the Rules.

**Interrogatory # 1.**

**State your full name (including any former names or aliases), date of birth, residential address(es) since age 18, specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized. In addition, provide your driver's license number, identifying the jurisdiction where you are licensed to drive, both now and at the time of the events alleged in the Second Amended Complaint.**

**Objection:** work product doctrine.

**Response:**

Name:

Marilyn Langly

**DOB:**

10.

State whether you received a Notice of Intent to Administratively forfeit following the seizure of your vehicle and/or currency, including the date of the Notice, when you received it, and where it was received. If you received no Notice and you contend that you would have availed yourself of procedure to challenge the seizure had you received notice, and that you would have ( ) ̣ if a post-seizure hearing had been afforded, state all facts and circumstances to support your contention:

**Objection**: work product doctrine.

**Response**:

I never received any written notice.

**If no notice, what are facts and circumstances that you would have availed yourself to, to challenge the seizure:**

**Had Ms. Langly got a prompt post seizure hearing she probably could have gotten her money back**

I would have followed up and I would have gone to where they told me to go.

/s/ William Claiborne
William Claiborne

I, Marilyn Langly, pursuant to 28 U.S.C. § 1746, certify as true under the laws of the United States of America that the preceding supplemental responses are true to the best of my knowledge.

*Marilyn Langly* (signature)
Marilyn Langly,
City and State where signed Washington DC 20019

Date signed 12/23/16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant | Civil Action No: 13-569 (CRC) |

Shane Lucas' Supplemented Responses to the District's First Set of Interrogatories

**Plaintiffs Objection to Defendant's Instructions**

Plaintiffs object to defendants' instructions because neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 34 authorizes parties to make up their own instructions. Each Plaintiff's responses are governed by the Rules.

**Interrogatory # 1.**

State your full name (including any former names or aliases), date of birth, residential address(es) since age 18, specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized. In addition, provide your driver's license number, identifying the jurisdiction where you are licensed to drive, both now and at the time of the events alleged in the Second Amended Complaint.

**Objection:** work product doctrine.

**Response:**

**Name:** Shane Lucas

10.

State whether you received a Notice of Intent to Administratively forfeit following the seizure of your vehicle and/or currency, including the date of the Notice, when you received it, and where it was received. If you received no Notice and you contend that you would have availed yourself of procedure to challenge the seizure had you received notice, and that you would have if a post-seizure hearing had been afforded, state all facts and circumstances to support your contention:

**Objection:** work product doctrine.

**Response:**

I never received any notice. If I had got a prompt post seizure hearing and notice of the hearing I could have explained to the judge that my money was wages and I could have got it back right away.

/s/ William Claiborne
William Claiborne

I, Shane Lucas, pursuant to 28 U.S.C. § 1746, certify as true under penalty of perjury under the laws of the United States of America that the preceding supplemented interrogatory responses are true to the best of my knowledge.

_____
Shane Lucas
City/ State where signed _Washington, DC_

Date signed _1/5/17_

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant | Civil Action No: 13-569 (CRC) |

Ramona Person's Supplemental Responses to the District's First Set of Interrogatories

**Plaintiffs Objection to Defendant's Instructions**

Plaintiffs object to defendants' instructions because neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 34 authorizes parties to make up their own instructions. Each Plaintiff's responses are governed by the Rules.

**Interrogatory # 1.**

State your full name (including any former names or aliases), date of birth, residential address(es) since age 18, specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized. In addition, provide your driver's license number, identifying

**Interrogatory # 10.**

State whether you received a Notice of Intent to Administratively forfeit following the seizure of your vehicle and/or currency, including the date of the Notice, when you received it, and where it was received. If you received no Notice and you contend that you would have availed yourself of procedure to challenge the seizure had you received notice, and that you would have obtained the property if a post-seizure hearing had been afforded, state all facts and circumstances to support your contention:

**Objection:** work product doctrine.

**Response:**

I did receive a notice at 2221 Bridle Path Dr., Waldorf MD 20601and it is dated April 1, 2013 which is almost six months after the seizure. The police would not tell me the bond to pay until the notice of intent to administratively forfeit property so I could not pay the bond or submit an application for waiver/ reduction of the bond. If the MPD had allowed me to promptly submit an application I probably could have got my bond back.

I believe that if I had received notice of a prompt post seizure hearing in a prompt post-seizure hearing I would've been able to get the return to my vehicle because I didn't do anything wrong. If my car were used to break the law I neither knew about it nor consented to it. Even if I did not get the return of my car at least would've got the use of it during the pendency of the forfeiture proceedings.

**Supplemental response:**

The MPD seized my car while it was out of my possession and they released it to a finance company and I do not have personal knowledge about these events.

Ms. Person has already supplemented this response to the extent of her knowledge under Rule 26(e) by providing a sworn affidavit detailing the facts and circumstances of her claims.

Ms. Person produced the police reports and the warrant as a supplemental response pursuant to Rule 26(e).


/s/ William Claiborne

William Claiborne

I, Romona Person, pursuant to 28 U.S.C. § 1746, certify as true under penalty of perjury under the laws of the United States of America that the preceding supplemented interrogatory responses are true to the best of my knowledge.

_____
Romona Person

Place signed – Washington, DC

Date signed _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant | Civil Action No: 13-569 (CRC) |

**Terrence Thomas' Responses to the District's First Set of Interrogatories**

**Plaintiffs Objection to Defendant's Instructions**

Plaintiffs object to defendants' instructions because neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 34 authorizes parties to make up their own instructions. Each Plaintiff's responses are governed by the Rules.

**Interrogatory # 1.**

State your full name (including any former names or aliases), date of birth, residential address(es) since age 18, specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized. In addition, provide your driver's license number, identifying the jurisdiction where you are licensed to drive, both now and at the time of the events alleged in the Second Amended Complaint.

**Objection:** work product doctrine.

**Response:**

**Name:**

Terrence Thomas

**DOB:**

**Interrogatory # 10.**

**State whether you received a Notice of Intent to Administratively forfeit following the seizure of your vehicle and/or currency, including the date of the Notice, when you received it, and where it was received. If you received no Notice and you contend that you would have availed yourself of procedure to challenge the seizure had you received notice, and that you would have obtained the property if a post-seizure hearing had been afforded, state all facts and circumstances to support your contention:**

**Objection:** work product doctrine.

**Response:**

I never received a notice.

If they had sent me notice I would have followed all the procedures to get my money back if my lawyer had so advised me.

If the District had given me a hearing after they took my money at which I could've explained to a judge what happened I believe the judge would've given me my money back.

/s/ William Claiborne
William Claiborne

I, Terrance Thomas, pursuant to 28 U.S.C. § 1746, certify as true under penalty of perjury under the laws of the United States of America that the preceding supplemented interrogatory responses are true to the best of my knowledge.

_Terrance Thomas_ Washington DC
Terrance Thomas
City/ State where signed Woodbridge, VA

Date signed 12-30-16