UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No: 13-569 (CRC) |

NOTICE

Class definition approved by the Southern District of New York in Krimstock v. Kelly

In response to the Minute Order docketed 8/21/2017 in which the Court asked the parties to provide the Court with the precise class definition approved by the Southern District of New York in Krimstock v. Kelly, plaintiffs state as follows.

Plaintiffs have found the following orders relating to the class definition in Krimstock v. Kelly:

    1. Plaintiffs have sought to represent a class consisting of all persons whose vehicles have been seized by the New York City Police Department upon arrest, and kept in police custody for a prospective or pending action to forfeit such vehicles as the alleged instrumentalities of crimes, or as evidence. Defendants have offered no substantive reason why such a class should not be certified. In particular, defendants have not disputed that the requirements of commonality, numerosity and typicality were met by plaintiffs in this case at the time the complaint was filed. It would be difficult to conceive of how defendants could raise such a dispute because the issues in this action are entirely issues of law and recur whenever a vehicle is seized by the Police Department at the time of the arrest of a driver as either the instrumentality of a crime or as evidence. That the claims of all named plaintiffs have now become moot for various reasons merely illustrates principally that such claims are inherently transitory. For the reasons set forth in the cases cited

by the Court of Appeals at **306 F.3d 70, n.34,** the class plaintiffs have sought to represent is hereby certified.

Krimstock v. Kelly, 2005 U.S. Dist. LEXIS 43845, at *2-3 (S.D.N.Y. Nov. 29, 2005) (the "Second Amended Order").

Plaintiffs represent a class consisting of all persons whose vehicles have been seized by the New York City Police Department upon arrest, and kept in police custody for a prospective or pending action to forfeit such vehicles as the alleged instrumentalities of crimes, or as evidence.

Krimstock v. Kelly, 2007 U.S. Dist. LEXIS 82612, at *1-2 (S.D.N.Y. Sep. 27, 2007) ("Third Amended Order").

There was an Initial Order which defined the class but the Initial Order is not available in Lexis, Westlaw, or Pacer.

The docket entry for the Initial Order is:

| 01/29/2004 | 43 | AMENDED JUDGMENT amending 40 Judgment, reflecting the holding of the USCA that person whose vehicles are seized under MYC Code 14-140 as alleged instrumentalities of crime "must be given an opportunity to test the probable validity of the City's deprivation of their venhicles pendente lite, including probable cause for the initial warrantless seizure.", and that such opportunity be provided in a prompt post-seizure retention hearing, with adequate notice." and certifying the class. (Signed by Judge Michael B. Mukasey on 1/22/04) the clerk's office has mailed copies.(ml, ) (Entered: 01/29/2004) |
|---|---|---|

Respectfully submitted,

/s/ William Claiborne

WILLIAM CLAIBORNE

D.C. Bar No. 446579
717 D Street, NW Suite 300
Washington, D.C. 20004
*Counsel for Plaintiffs*