UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
VALERIE KRIMSTOCK, CHARLES       :
FLATOW, ISMAEL DELAPAZ,          :
CLARENCE WALTERS, JAMES WEBB,    :
MICHAEL ZURLO, AND SANDRA JONES, :
individually and on behalf of all :
other persons similarly situated, :
                                 :
            Plaintiffs,          :    99 Civ. 12041 (MBM)
                                 :
    -against-                    : AMENDED ORDER AND JUDGMENT
                                 :
                                 :
RAYMOND KELLY, in his official   :
capacity as Commissioner of the  :
New York City Police Department; :
and THE CITY OF NEW YORK,        :
                                 :
            Defendant.           :
---------------------------------X

MICHAEL B. MUKASEY, U.S.D.J.

        This Order and Judgment reflects the holding of the

United States Court of Appeals for the Second Circuit that

persons whose vehicles are seized under N.Y.C. Code § 14-140 as

alleged instrumentalities of crime "must be given an opportunity

to test the probable validity of the City's deprivation of their

vehicles pendente lite, including probable cause for the initial

warrantless seizure." Krimstock v. Kelly, 305 F.3d 40, 70 (2d

Cir. 2002), and that such opportunity be provided in a "prompt

post-seizure retention hearing, with adequate notice." Id. at

68. In addition, it addresses the issue of class certification

and "whether exceptions to the mootness doctrine preserve the

merits of the case for judicial resolution of the unnamed class

1

members' claims." Id. at 70.  Those matters are resolved as follows:

1. Plaintiffs have sought to represent a class consisting of all persons whose vehicles have been seized by the New York City Police Department upon arrest, and kept in police custody for a prospective or pending action to forfeit such vehicles as the alleged instrumentalities of crimes, or as evidence.  Defendants have offered no substantive reason why such a class should not be certified.  In particular, defendants have not disputed that the requirements of commonality, numerosity and typicality were met by plaintiffs in this case at the time the complaint was filed.  It would be difficult to conceive of how defendants could raise such a dispute because the issues in this action are entirely issues of law and recur whenever a vehicle is seized by the Police Department at the time of the arrest of a driver as either the instrumentality of a crime or as evidence. That the claims of all named plaintiffs have now become moot for various reasons merely illustrates principally that such claims are inherently transitory.  For the reasons set forth in the cases cited by the Court of Appeals at 306 F.3d 70, n.34, the class plaintiffs have sought to represent is hereby certified.

2. Following seizure of a vehicle, at the time of the driver's arrest, as evidence of a crime or as the instrumentality of a crime, a claimant, as described in paragraph 4 below,

entitled to possession of such vehicle, may contest such seizure at a hearing to be held at defendant City of New York's (the "City"'s) Office of Administrative Trials and Hearings ("OATH') pursuant to the OATH Rules of Practice to the extent such rules are not in conflict with the terms of this Order and Judgment. Such a hearing will address three issues: whether probable cause existed for the arrest of the vehicle operator; whether it is likely that the City will prevail in an action to forfeit the vehicle, and whether it is necessary that the vehicle remain impounded in order to ensure its availability either as evidence or for a judgment of forfeiture.  The burden of proof by a preponderance of the evidence as to all three issues will be upon the Police Department, and the OATH judge may consider such hearsay as that judge may consider reliable.  The OATH judge will decide those issues by a statement of findings on the record, or by a written statement to be made a matter of record, not later than three business days following the close of evidence and the completion of argument, if any, at the hearing, unless both parties have consented on the record or in writing to extend the time for such statement.  Absent a timely finding by the OATH judge that the Police Department has met the burden of proof as to the issues at the hearing, the vehicle shall be released to the claimant, without prejudice to further proceedings, including a forfeiture proceeding, unless there is an intervening order by

a Judge of the Criminal Court or a Justice of the Supreme Court
that the vehicle is to be held as evidence.

      3. The hearing provided in paragraph 2 will commence on
a date fixed by the Police Department, not later than 10 business
days after receipt by the Police Department of a written demand
for a hearing on the form to be provided by the Police Department
to the person from whom the vehicle is seized, at the time it is
seized, to the registered and/or title owner of the vehicle, and
to the District Attorney or a designated Assistant District
Attorney of the County in which the underlying charge related to
the seizure is prosecuted (the "District Attorney"), all as set
forth in paragraph 5 below, unless the date for such hearing
shall have been extended by OATH upon a showing of good cause by
either party.  The Police Department will notify OATH, the
claimant and the District Attorney of the date of the hearing in
a notice to be sent by mail within two business days after
receipt of the written demand for a hearing, to the addresses
specified for such notice by the claimant and the District
Attorney.  If the Police Department receives more than one such
written demand, the timing of the hearing will be governed by
receipt of the first such written demand.

      4. The claimant seeking release of the vehicle at the
hearing may be either the person from whom the vehicle was
seized, if that person was in lawful possession of the vehicle,

4

or the owner if different from such person.  Only one person or
entity may appear as claimant at the hearing, and preference
shall be given to the registered owner of the vehicle.

    5. Notice of the right to a hearing will be provided at
the time of seizure by attaching to the voucher already provided
to a person from whom a vehicle is seized a notice, in English
and Spanish, a copy of which notice will also be sent by mail to
the registered and/or title owner of the vehicle within five
business days after the seizure, informing the recipient of the
following:

    a. The claimant of a seized vehicle has the right to a
hearing at OATH on a date and time fixed by the Police
Department within 10 business days after receipt by the
Police Department of a written request for such a
hearing, and setting forth the address and telephone
number of OATH.

    b. The hearing will provide the claimant an opportunity to
be heard, either in person or through counsel, as to three
issues: whether there was probable cause to arrest the
operator of the vehicle; whether the City is likely to
prevail in an action to forfeit the vehicle; and whether it
is necessary that the vehicle remain impounded in order to
ensure its availability either as evidence or for a judgment
of forfeiture.  The burden of proof by a preponderance of

the evidence as to all three issues will be upon the Police
Department, and the trier of fact may consider such hearsay
and other evidence as such trier of fact may deem reliable.
Unless the Police Department is found to have met the burden
of proof as to the issues at the hearing, the vehicle shall
be released to the claimant upon compliance with the
provisions of paragraph 6 below, absent an intervening order
of a Judge of the Criminal Court or a Justice of the Supreme
Court that the vehicle is to be held as evidence.

c. The notice shall include a form whereon the
recipient may demand a hearing, and shall provide space
for the claimant's name, address and telephone number,
and the date(s), if any, within the next four weeks
when the claimant is not available to attend a hearing.
The form will include instructions in English and
Spanish for submission of the form to the Police
Department, and will advise the claimant to make and
retain a copy of the form.

6. No district attorney's release will be required in
order to obtain either a hearing or release of a vehicle.
However, a vehicle held as evidence need not be released until
the driver from whom such vehicle was seized, and any other
person as to whom such vehicle is to be used as evidence, waives
in writing, personally and through counsel, any factual claim or

defense based on the condition of such vehicle at the time it was seized.

7. The decision of the OATH judge will be subject to review in New York State Supreme Court, but the mere filing of an action in that Court does not affect the claimant's right to an initial OATH hearing or to release of the seized vehicle in the event that the Police Department does not satisfy the burden of proof at such hearing, and other relevant provisions of this order have been complied with.

8. The procedures set forth in paragraphs 2 through 7 above will be put into effect not later than January 23, 2004, and will apply to vehicles seized on or after that date.

9. With respect to any vehicle held before January 23, 2004, as evidence or as an alleged instrumentality of a crime, the notice provided in paragraph 5 above shall be sent by the Police Department not later than February 20, 2004, to the last known address of the registered owner, if known, and to the District Attorney, by first class mail, with respect to those vehicles as to which the Police Department wishes to press a forfeiture proceeding or wishes to continue to hold as evidence, and such hearings shall be held on the prescribed dates with respect to those vehicles as to which forms requesting such hearings are received within 20 business days of such prescribed dates.  The procedures set forth in paragraphs 2 through 4 and 6

7

through 7 shall be applicable to hearings noticed under this paragraph to the extent consistent with this paragraph. As to any such held vehicle which the Police Department does not wish to continue to hold as evidence or with respect to which the Police Department does not wish to press a forfeiture proceeding, a notice shall be sent by the Police Department not later than February 20, 2004, to the last known address of the registered owner, if known, that such vehicle may be retrieved at a location and at a time to be specified in such notice, which shall be not later than 5 business days from the date of such notice, and which shall continue for at least 10 business days thereafter.

10. This court will retain jurisdiction to enforce the terms of this Order and Judgment.

SO ORDERED:

Dated:   New York, New York
         January 22, 2004

Michael B. Mukasey,
U.S. District Judge

8