UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICKOYA HOYTE, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>*Defendant.* | Civil Action No. 13-569 (CRC) |

JOINT NOTICE OF PROPOSED CASE MANAGEMENT ORDER

The Parties jointly submit proposed schedules for further proceedings. (ECF No. 159.) The Parties were unable to reach an agreement and present their respective proposals for the Court's consideration.

Defendant District of Columbia

Defendant objects to plaintiffs' proposal to bifurcate expert discovery on liability and damages, their proposal to defer all damages issues until there is a resolution on liability, and their related proposal for summary judgment briefing. Defendant proposes the following schedule:

I.   Expert Discovery

Plaintiffs shall designate Federal Rule 26(a)(2) experts (liability and damages) by: **December 27, 2017** (or six weeks from the entry of a scheduling order for further proceedings).

Defendant shall designate experts by: **January 26, 2018** (or one month after the preceding deadline).

Plaintiffs' expert reports are due: **February 26, 2018** (or one month after the preceding deadline).

Defendant's expert reports are due: **March 28, 2018** (or one month after the preceding deadline).

Expert discovery, including expert depositions, will conclude by: **April 27, 2018** (or one month after the preceding deadline).

II. <u>Summary Judgment Briefing</u>

Plaintiffs' motion for summary judgment is due: **May 28, 2018** (or one month after the preceding deadline).

Defendant's opposition/cross-motion for summary judgment is due: **July 12, 2018** (or 45 days after the preceding deadline).

Plaintiffs' opposition/reply is due: **August 27, 2018** (or 45 days after the preceding deadline).

Defendant's reply is due: **September 26, 2018** (or 30 days after the preceding deadline).

<u>Plaintiffs Nickoya Hoyte, *et al.*</u>

I. **Plaintiffs' proposed case management order setting forth a schedule for further proceedings and briefing in this case.**

Plaintiffs' propose bifurcating all liability and damages issues, and deferring all damages issues until after all liability issues have been resolved. Furthermore, propose bifurcating summary judgment motions into motions involving purely

2

questions of law and summary judgment motions involving determinations of whether disputed issues of fact exist. Plaintiffs propose addressing all damages issues, if needed, after resolution of all liability issues

1. **Plaintiffs propose resolving liability issues before damages issues because this will facilitate settlement and save scarce judicial resources and the parties' resources.**

Plaintiffs' believe based on experience handling cases with the District and with other defendants is that as a practical matter the best way to nudge this case into a settlement position is to give the parties as much information as possible about the potential scope of the District's liability. The Court's certification decision and the class definitions provide a roadmap for determining liability.

The key remaining liability issues are: (1) whether the civil forfeiture statute was defective because it did not provide prompt post seizure hearings and it cut off owners' access to Rule 41(g) motions; (2) identifying which disputed issues of fact if any remain on the issue of which if any cars were "held by the District as potential evidence in a criminal prosecution as determined by the U.S. Attorney's Office for the District of Columbia;" (3) in objectively ascertainable terms what are the criteria by which notice should be evaluated for adequacy; and (4) identifying which disputed issues of fact if any remain on the issue of notice.

Rulings on liability issues through summary judgment motions determining liability on the remaining claims will give both parties practical information on the District's scope of liability.

This information will likely lead the parties to a settlement posture. For example, <u>Hardy</u> settled once the Court approved a class definition that determined liability. Similarly, the parties mediated and litigated liability in <u>Barnes</u> for almost seven years and the case settled as soon as the scope of liability was determined by summary judgment motions and trial. <u>Barnes v. D.C.</u>, 6-315 (RCL).

The parties already have sufficient information about damages for settlement purposes. As a practical matter, the daily rental value of vehicles is easily obtainable by calling a rental car agency. And the basic measure of damages for currency seizures is the amount of currency seized. *See* <u>Hardy v. D.C.</u>, 9-1062 (RWL/CRC). Therefore, requiring expert discovery at this point will not further this goal of providing information about the scope of the District's potential liability, or its maximum potential exposure, so it will not advance settlement by providing information needed for settlement. It would only be a lengthy expensive process for putting information the parties already have into a Rule 56 format, which is not necessary now and may never be needed.

2. **Plaintiffs propose bifurcating summary judgment on liability issues, and resolving purely legal liability issues on summary judgment before resolving liability issues involving an analysis of whether material controverted issues of fact remain.**

Because some of the liability issues are purely legal issues, for example issues 1 and 3, and some of the issues involve examination of a factual record, for example issues 2 and 4, plaintiffs propose addressing issues 1 and 3 in summary judgment first in stage one. Resolving issues 1 and 3 in summary judgment by themselves will save judicial resources and time and money for the parties. This will either dispose

of or narrow the fact intensive issues in issues 2 and 4 which can be addressed in a stage two liability phase.

For example, the Court can decide as a matter of law whether the statute is defective because it failed to provide interim hearings on the right to possession. *See e.g.*, Washington v. Marion Cnty. Prosecutor, 2017 U.S. Dist. LEXIS 132235, at *5, 19-20, 27-28, 47-48 (S.D. Ind. Aug. 18, 2017)(evaluating on summary judgment whether a statutory civil forfeiture scheme is unconstitutional because it allows the government to deprive individuals of their vehicles for potentially lengthy periods of time without any ability to contest the deprivation is a purely legal question); Krimstock v. Kelly, 306 F.3d 40, 47-48 (2d Cir. 2002)(reversing dismissal under Rule 12(b)(6) of complaint holding that forfeiture statute violated due process because it did not provide interim hearings on likelihood of success and possession); Brown v. District of Columbia, 115 F. Supp. 3d 56, 67 (D.D.C. 2015) (plaintiffs' complaint states a claim under due process that forfeiture statute was defective because it did not provide interim hearings for owners to test the probable cause for a seizure and to propose alternatives to the government's retention of the vehicle pending conclusion of forfeiture proceedings).

A second key issue that can be decided on summary judgment purely as a question of law is whether by enacting a civil forfeiture statute that cut off owners' pre-existing rights under Rule 41(g) to challenge seizure and detention of their cars in connection with criminal cases (whether the cars were seized because they might contain evidence that could be detected by searching it and processing it or the cars

5

themselves were seized as evidence) the District thereby forfeited the defense that cars classified "as potential evidence in a criminal prosecution as determined by the U.S. Attorney's Office for the District of Columbia" as well as classified as "hold for forfeiture at the direction of the District" should be excluded from the class definition.

Plaintiffs briefed this issue in their Motion [70] for Class Action Treatment and their Reply [85]. *See e.g.*, Reply [85], p. 6 *et seq. See* District of Columbia v. Dunmore, 749 A.2d 740, 743 (D.C. 2000). But, the Court has not ruled on this isssue in a merits motion.

Before the D.C. Council enacted the civil forfeiture regime the default position was that if the MPD seized a vehicle for use in a criminal case (with or without the involvement of the USAO or the OAG) the owner could file a motion for return of the vehicle pursuant to Rule Superior Court Rule of Crim. Proc. 41(g). Owners had this right to an interim hearing regardless of whether the USAO was involved. This Court ruled in Jenkins that although Rule 41(g) motions were not a fully adequate substitute for the requested post-seizure hearings in the forfeiture context, "Courts in this district have generally found Rule 41(g) to be a constitutionally adequate means of obtaining the return of seized property in criminal cases. Jenkins v. District of Columbia, 2017 U.S. Dist. LEXIS 119157, *11 (D.D.C. 2017). This is still the default position for vehicles seized in connection with criminal cases if the District does not also seize the vehicle for civil forfeiture or a forfeiture determination.

But, the D.C. Council completely cut off this pre-existing right of access to Rule 41(g) for owners whose cars are classified as "E/H" ("Evidence/ Hold for civil

forfeiture") by enacting the civil forfeiture regime including D.C. Code § 48-905.02(d)(2). The D.C. Council elected to put vehicles seized for forfeiture or forfeiture determinations outside the reach of any interim hearings including Rule 41(g) motions and the highest "state" court in the District has expressly held that the Superior Court has no ancillary jurisdiction to release property under Rule 41(g) once the District initiates forfeiture proceedings against such property. Dunmore, 749 A.2d at 743.

Plaintiffs' issue here is not whether the interim hearings that the Court held in Brown the statute should have provided for owners to "to test the probable cause for a seizure and to propose alternatives to the government's retention of the vehicle pending the conclusion of forfeiture proceedings" should also have accommodated challenges to so called "evidentiary" holds at the direction of the USAO.[1] Plaintiffs are not saying here that the civil forfeiture statute should have created Rule 41(g) hearings for "evidentiary holds" – they already existed. And the remedy – Rule 41(g) – is adequate. Plaintiffs say that the D.C. Council should not have blocked plaintiffs' access to those Rule 41(g) hearings. And plaintiffs further say that since the District did block the Rule 41(g) hearings, the District cannot argue that the USAO is the cause of the detention.

---

[1] The issue here is whether the District can argue that it is not responsible for delay caused by detention that it alleges have two reasons – (1) forfeiture holds and (2) so called "evidence holds at the direction of the USAO" when the District in this context is the cause of both reasons.

Other liability issues that could be decided as a matter of law on summary judgment are what specific types of notice satisfies due process, for example, must notice be provided before administrative forfeiture; is notice sent to an address provided by the owner satisfactory if the claimant moved after providing the address even if the District did not send follow up notice, etc.

3. **Plaintiffs propose deferring damages issues until after liability issues because resolving liability issues will likely obviate the need for damages issues.**

Plaintiffs propose deferring damages issues until after liability issues because resolving liability issues will likely obviate the need for damages issues.

II. **Plaintiffs' proposed schedule going forward for liability expert issues and liability summary judgment motions.**

Below is the Plaintiffs' proposed schedule going forward for liability expert issues and liability summary judgment motions.

1. **Expert witnesses for liability.**

Plaintiffs propose this schedule for Liability Expert Witnesses whether or not the Court bifurcates briefing on liability summary judgment motions.

| Expert Witness for Liability | | |
|---|---|---|
| Event | Time from entry of previous event | Date |
| **Expert Witness Designations** | 30 days from entry of Scheduling Order | |

| Counter Designation of Expert Witness(es) | 60 days from designations | |
|---|---|---|
| Expert Reports | 60 days from designation of expert if no counter expert designated, or 60 days from counter expert if counter expert designated | |
| Expert Discovery due by | 30 days from Expert Reports | |

2. **Summary judgment motions on purely legal questions.**

Plaintiffs propose this schedule for summary judgment motions on purely legal questions only if the Court bifurcates briefing on summary judgment motions on purely legal questions.

| Summary Judgment Motions on purely Legal Questions | | |
|---|---|---|
| Legal question - Dispositive Motions due by | Either:<br><br>120 days from entry of Scheduling Order; or<br><br>If no party designates a liability expert, 60 days | |

|  | from entry of Scheduling Order |  |
|---|---|---|
| **Opposition to Legal question - Dispositive Motions due by** | 45 days to file an opposition |  |
| **Replies to Legal question - Dispositive Motions due by** | 30 days to file a reply |  |

3. Schedule on summary judgment motions requiring determination of whether disputed issues of fact exist to be set after ruling on summary judgment motions on purely legal questions.

Plaintiffs propose this schedule for summary judgment motions only if the Court bifurcates briefing on summary judgment motions on purely legal questions.

4. Summary Judgment Motions if Court does not bifurcate summary judgment motions on purely legal questions.

Plaintiffs propose this schedule for summary judgment motions on purely legal questions only if the Court bifurcates briefing on summary judgment motions on purely legal questions.

| Combine Liability Summary Judgment Motions | | |
|---|---|---|
| **Dispositive Motions due by** | 120 days from entry of Scheduling Order [whether or not any party designates a liability expert] | |
| **Opposition to Legal question - Dispositive Motions due by** | 60 days to file an opposition | |
| **Replies to Legal question - Dispositive Motions due by** | 45 days to file a reply | |

Dated: November 15, 2017.   Respectfully submitted,

| | |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br>2020 Pennsylvania Ave., NW<br>Suite 395<br>Washington, D.C. 20006<br>Phone 202-824-0700<br><br>/s/ Lynn E. Cunningham<br>LYNN E. CUNNINGHAM<br>D.C. Bar # 221598<br>P.O. Box 1547<br>Dubois, WY 82513<br>Phone 307-431-4158<br><br>/s/ Bennett B. Borden<br>BENNETT B. BORDEN<br>D.C. Bar # 501228<br>Drinker Biddle & Reath LLP<br>1500 K Street NW<br>Washington, DC 20005<br>Phone 202-230-5194<br><br>*Counsel for Plaintiffs* | KARL A. RACINE<br>Attorney General for the District of Columbia<br><br>ELIZABETH SARAH GERE<br>Deputy Attorney General<br>Public Interest Division<br><br>/s/ Toni Michelle Jackson<br>TONI MICHELLE JACKSON [453765]<br>Chief, Equity Section<br><br>/s/ Fernando Amarillas<br>FERNANDO AMARILLAS [974858]<br>ESTHER YONG MCGRAW [988479]<br>CHRISTINE GEPHARDT [994547]<br>TY JOHNSON [1044025]<br>Assistant Attorneys General<br>441 Fourth Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>Telephone: (202) 442-9887<br>Facsimile: (202) 730-0646<br>Email: fernando.amarillas@dc.gov<br><br>*Counsel for Defendant District of Columbia* |