UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICKOYA HOYTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No.: 13-569 (CRC) |

NOTICE

Supplemental authorities in support of plaintiffs' summary judgment papers.

ISSUE 1.

The District contends that Lt. Gray's declaration established the District's position that the Property Clerk was prevented from releasing any property held "for evidence" without a PD 81-C from a U.S. Attorney. District's Opposition/ Cross motion for summary judgment [192], p. 8. In the District's Reply [218], pgs 7-8, the District also cites to DCMR § 6-A807.3 as support. This citation in the last paper filed in the summary judgment motions briefing cycle was the first time counsel for the District had identified DCMR § 6-A807.3 as support for Lt. Gray's declaration.

> DCMR § 6-A807.3 provides:
>
> Before returning the property to its rightful owner pursuant to its rightful owner pursuant to § 807.2, the Property Clerk shall obtain the certification of the United States Attorney for the District of Columbia or the D.C. Corporation Counsel **that the property is not needed as evidence in the prosecution of a crime.** (emphasis added).
>
> As Plaintiffs have explained in their summary judgment papers, DCMR § 6-A807.3 is an

implementing regulated promulgated by the Mayor pursuant to two District of Columbia statutes

1

enacted by the D.C. Council, D.C. Code § 2-501(giving Mayor authority to issue regulations generally); D.C. Code § 48-905.02(d)(3)(H)(giving Mayor authority to issue regulations to implement the civil forfeiture statute).

The District cannot both create this obligation on the Property Clerk and at the same time contend that it absolves the District of liability because it was the cause of delay in returning Plaintiffs' and other class members' vehicles when the forfeiture holds were released.

As Justice Cardozo wrote, it is fundamental that "[h]e who prevents a thing from being done may not avail himself of the nonperformance which he has himself occasioned.[]" R.H. Stearns Co. v. United States, 291 U.S. 54, 61, 54 (1934); Stockstrom v. Commissioner, 190 F.2d 283, 288 (1951)(adopting principle in tax context) subsequently Supreme Court disapproved the application of the legal principle to an error of law but it did not disapprove the legal principle, Auto. Club of Mich. v. Commissioner, 353 U.S. 180, 183 (1957); Costantino v. City of Atl. City, 152 F. Supp. 3d 311, 328 (D.N.J. 2015)(Court rejects Atlantic City's argument that it does not have to produce relevant discovery because it is burdened by the fact that it has too many citizen police complaints and § 1983 lawsuits); Weller v. Am. Home Assurance Co., 2007 U.S. Dist. LEXIS 27284, at *14 (N.D.W. Va. Apr. 10, 2007)(allowing Defendant to argue undue burden since it chooses to hire other companies to handle its claims adjusting rather than employ its own claims adjusters would simply encourage Defendant to adopt other practices in order to avoid discovery).

ISSUE 2

In its final Reply for the first time the District contends that the District had not instituted civil forfeiture proceedings against the vehicles belonging to Plaintiffs' Hoyte and May. Reply [218], p. 11.

The District of Columbia Court of Appeals held that the Mayor shall "institute[] promptly" proceedings "for disposition [of the property] in accordance with law," [citing then Sections 33-552 (c) & (d)(2)(C) relating to property taken or detained under this section], and those proceedings begin once "a proper showing of probable cause for the seizure [has been] made. District of Columbia v. Dunmore, 749 A.2d 740, 743 (D.C. 2000).

Respectfully submitted,

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Named plaintiffs on behalf of themselves and the putative class members

717 D Street, N.W
Suite 300
Washington, DC 20004
Phone 202/824-0700
Email claibornelaw@gmail.com